## Ohl, Appellant, v. Bethlehem Township (No. 1).

*Negligence—Proximate and remote cause—Fall of guard rail in highway.*

In an action against a township to recover damages for personal injuries, a verdict for the defendant is properly directed where it appears that at the time of the accident, and when the plaintiff was standing in a safe place in a road, a guard rail on the side of the road fell over from a cause not directly explained, and without the plaintiff having touched it, and the plaintiff in his confusion walked over the side of the road and was injured. In such a case the fall of the guard rail was not the proximate cause of the accident.

Argued March 13, 1901. Appeal, No. 78, Jan. T., 1901, by plaintiff, from judgment of C. P. Northampton Co., Sept. T., 1898, No. 2, on verdict for defendant in case of Hattie Ohl, by her mother and next friend, Kate Ohl, v. Bethlehem Township. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Trespass for personal injuries. Before Scott, J.

At the trial it appeared that on September 6, 1896, Edward E. Ohl, in company with his grandchild, Hattie Ohl, then four years of age, and with Kate Ohl, the mother of Hattie, was

walking in a footpath on a public road in Bethlehem township. Near the path was erected a guard fence by the township at the edge of a steep descent. This guard fence was in bad condition. At this point they were met by a man named Frankenfield with whom they had some conversation. As they were leaving Frankenfield, the guard fence suddenly gave way, and fell over the precipitous side of the highway. The grandfather became confused and walked over the side of the road and was precipitated with the child upon the rocks and stones below, and both were injured. The cause of the fall of the fence was not ascertained. Neither Edward E. Ohl nor his daughter nor his granddaughter touched it. The court gave binding instructions for defendant on the ground that the fall of the fence was not the proximate cause of the accident.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John D. Hoffman*, for appellants.

*O. H. Meyers*, with him *George W. Geiser*, for appellee.

PER CURIAM, May 27, 1901:

In the case at bar the court below directed the jury to return a verdict for the defendant. The direction was founded upon the conclusion that the alleged negligence of the defendant was not the proximate cause of the injury the plaintiff received. The conclusion was supported by the testimony in the case and necessarily relieved the defendant from any liability arising from the plaintiff's negligence. We therefore dismiss the specification of error.

Judgment affirmed.