# Drinkwater *v.* Quaker City Cooperage Company, Appellant.

*Negligence—Defective door—Infant.*

In an action to recover damages for personal injuries to a child between three and four years of age, the evidence for the plaintiff tended to show that the injury was caused by the fall of a swaying door. There was proof that the door which fell was one of a pair of double doors hung on hinges swinging outward across the sidewalk; that it was old and dilapidated; that the upper hinge was loose, probably wholly detached, and by the action of the wind the door swayed back and forth at the top. Children, among them the plaintiff, were in the habit of playing on the sidewalk within reach of the door. Two children respectively eleven and fifteen years old at the time of the trial, and two years younger at the date of the accident testified that it was the defective door that fell on plaintiff. The evidence of the plaintiff himself when identifying the two doors by numbers seemed to designate the other door as the one which fell. The evidence, however, showed that this door had been closed for years, and could not have fallen. *Held,* that the whole case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued March 23, 1904. Appeal, No. 4, Jan. T., 1904, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1903, No. 1951, on verdict for plaintiff in case of Edwin Drinkwater by his next friend and mother, Ida L. Drinkwater, *v.* Quaker City Cooperage Company. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for injuries to a child between three and four years old. Before BRÉGY, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was in not giving binding instructions for defendant.

*A. T. Freedley,* with him *D. W. Hulburd,* for appellant.

*Joseph R. Embery,* for appellee.

PER CURIAM, April 11, 1904:

Appellant's complaint of error on the part of the court below in submitting the evidence to the jury is, in substance, based upon two averments, first, that there was no evidence of negligence on the part of the defendant in the performance of any duty which it owed to the public; second, even if there was any neglect there was no evidence which connected such neglect with the injury sustained by plaintiff. As to the first, the learned trial judge very plainly told the jury that the evidence of negligence was very meager, yet not so weak as under the law compelled him to withdraw it from them. We think in this particular his ruling was correct. Negligence is the absence of care according to the circumstances. The door which fell was one of a pair of double doors hung on hinges, swinging outward across the sidewalk; it was old and dilapidated; at the upper hinge it was loose, probably wholly detached, and by the action of the wind swayed back and forth at the top. Children, among them this plaintiff, were in the habit of playing on the sidewalk within reach of this loose and broken door which was a constant peril. We do not say such were the facts, but only say there was some evidence, more than a scintilla, to sustain them. The court could not lawfully withhold this evidence from the jury. It was for them to judge whether, under the circumstances, defendant was negligent in leaving that door in such condition in proximity to the sidewalk.

As to the second complaint, that there was no sufficient evidence to show that the alleged neglect caused the injury, we concede that the burden was on the plaintiff to show by proper proof, not only that the door fell, but that it fell on him. It was not enough to show that defendant did not properly maintain and repair its building, he was bound to go further and show that by its failure to do so it caused his injury. There were two openings in the building closed with double doors, Nos. 2 and 5; the evidence of plaintiff when identifying the doors by numbers seems to designate No. 2 as the one which fell, yet the evidence really shows that this door had been closed for years and could not have fallen. But the evidence further shows that plaintiff's witnesses may have only made a mistake in the numbers and that it was No. 5, the door out of repair, which fell on plaintiff. Two children

respectively eleven and fifteen years old at time of trial and two years younger at the date of accident, testify that they were present and saw it; they tell the position of the boy who was hurt when the door fell; the situation of the door relative to the sidewalk and the other doors in' the building. Their testimony points to No. 5 as the one which really fell. Plaintiff was bound to prove that a door fell, that it fell because negligently not repaired, and that this door falling on plaintiff injured him. Any mistake in the numbers did not bar plaintiff from the jury; it was the duty of the latter to reconcile the apparent contradiction on a theory consistent with truth.

We have found nothing in the assignments of error calling for further notice. They are all overruled and the judgment is affirmed.