**Charles E. LIVINGSTON, Administrator of the Estate of Willard C. Livingston, Deceased, Plaintiff,**

v.

**COUNTY OF FAYETTE, Defendant.**

Civ. A. No. 60–564.

United States District Court
W. D. Pennsylvania.

May 21, 1962.

Ralph S. Davis, Jr., Pittsburgh, Pa., for plaintiff.

E. V. Buckley, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this death action, the deceased was operating his motor vehicle on a state highway and was proceeding through a tunnel when a large boulder came down upon his car bringing about his death.

Defendant Fayette County moves the Court for summary judgment upon the thesis that the situs of the accident was a state highway and that the County of Fayette is not responsible as a matter of

---

law for the conditions which existed before and at the time of the events which gave rise to said cause of action.

It is not in dispute that the public road upon which the accident occurred, to wit the Layton-Perriopolis Road, was taken over by the Commonwealth of Pennsylvania as a part of the state highway system by the Act of July 10, 1957, P.L. 648 sec. 2, 36 Pa.P.S. § 1738-2. Plaintiff contends, nevertheless, that he is governed by the exclusionary section of the Act which provides that the Pennsylvania Department of Highways is not authorized to assume any obligation to reconstruct any structure of any kind situate upon or forming a part of any township road, but that such responsibility for maintenance and construction shall remain with the county, township, person, association or corporation responsible therefor at the date of the approval of the Act taking over the road. 36 Pa.P.S. § 670-501.

The sole question for determination is whether the tunnel involved in this proceeding is a structure as contemplated by the exclusionary section of the Act.

It is my judgment that the tunnel was an integral part of the highway which was taken over by the Department of Highways and did not constitute a structure under the exclusionary provisions of the Act. This conclusion is buttressed by the incontrovertible fact that the Highways Department of the State of Pennsylvania has maintained the tunnel involved and has been responsible for its maintenance since 1957 when the Layton-Perriopolis Road became part of the state highway system. This maintenance was based upon the provision of law which states, inter alia, that the Department of Highways has exclusive authority and jurisdiction over State highways, 71 Pa. P.S. § 512.

Even assuming I were wrong in this conclusion that the tunnel is not a struc-

ture under the exclusionary provision of the Act, another cogent reason supports the conclusion that Fayette County is not a proper party to this proceeding. A review of the affidavits, together with sketches of the Department of Highways, exemplified records from the Court of Quarter Sessions of Fayette County, and a certified copy of the deed from Washington Run Railroad to Fayette County disclosed that Fayette County never located nor built a highway over the right-of-way secured from the Washington Run Railroad, but that from the very inception the road was a township road, laid out by Perry Township, and remained a township road until acquired by the State of Pennsylvania in 1957. The documents make it evident that Fayette County was a mere conduit in acquiring title of the land since townships had no legal right to acquire abandoned rights-of-way of railroads.

I am therefore required to conclude that as a matter of law the County of Fayette is not responsible for the unfortunate accident, and that defendant's motion for summary judgment should be granted.

I observed during my four years as a member of the Senate of Pennsylvania, prior to being elevated to the Federal Judiciary, that several Acts of Assembly were favorably considered by the Legislative and Executive branches of the government of Pennsylvania whereby, in cases of this nature, legislation was enacted in behalf of the estates of persons who would meet their death due to negligence or carelessness of representatives of the Commonwealth of Pennsylvania and this appears to me to be an appropriate case for the consideration of remedial legislation in which the estate would be compensated for the great loss sustained through the death of Willard C. Livingston.

An appropriate order is entered.