## Simasek, Admx. v. Bethlehem Steel Corporation

*Joseph F. O'Kicki*, for plaintiff.
*Wayne G. Wolfe*, for defendant.

McDONALD, J., January 27, 1967.—Plaintiff, Josephine Simasek, administratrix of the estate of Felix Pileski, had filed wrongful death and survival actions against Bethlehem Steel Corporation, defendant. Defendant filed an answer and new matter. A reply to new matter was filed by plaintiff, and the matter is before us on defendant's motion for judgment on the pleadings. It has been argued before the court en banc and briefs submitted.

On July 4, 1964, Felix Pileski, deceased, with his wife, Ethel, and child, was travelling in a northeasterly direction on River Avenue, Franklin Borough, Cambria County, when at a curve his automobile crossed the center line, the opposite lane of traffic, a three-foot sidewalk, through a damaged portion of a two-strand wire fence erected and maintained by defendant, and over a river bank into the Little Conemaugh River. He and his wife (whose action has been filed to September term, 1965, no. 362) were killed and the child injured.

According to the complaint, it is alleged that defendant, by its predecessor companies, obtained title to the fence by an agreement permitting the bed and channel of the Little Conemaugh River to be moved nearly 500

feet toward East Conemaugh Borough so that the steel corporation could erect its rolling mill and plate mill divisions (complaint, paragraph 5) ; that the fence has been in the sole and exclusive control of defendant for a period of more than 30 years and was erected for the benefit of the motoring public so as to preclude automobiles from falling into the Little Conemaugh River (complaint, paragraph 6) ; and that on June 20, 1964, the fence had been damaged at the point of the Pileski accident when it was struck by an automobile operated by one Richard Weimer. After the Weimer accident, which severed "two thin steel poles", bent two others and broke one of the "two thin strands of cable wire", defendant failed to repair and restore said fence, but removed the second wire and replaced it with two hemp ropes.

Plaintiff alleges defendant was negligent by failing to: (1) erect an adequate guardrail fence for the protection of persons using the highway; (2) maintain said guardrail fence in proper repair; (3) correct a dangerous condition which was known or should have been known to be dangerous; (4) post warning signs in the immediate area; and (5) design and construct an adequate and proper guardrail fence so as to protect the class of persons such as decedent.

Defendant's answer denies the fence was erected by an agreement permitting the bed and channel of the Little Conemaugh River to be moved nearly 500 feet toward East Conemaugh Borough so that it could erect its mills, but, on the contrary, avers it or its predecessor companies erected a fence along River Avenue on its land to protect its corporate property, and not as a guardrail to preclude automobiles from falling into the Little Conemaugh River.

In new matter, it is averred River Avenue is part of State highway route 52 and, as such, under the exclusive jurisdiction, maintenance and control of the

Department of Highways, in accord with the Act of June 1, 1945, P. L. 1242, and the duty to maintain the guardrails in and along the highway for the protection of the motoring public is solely that of the Department of Highways. It denies any duty was owed by it to plaintiff to construct or maintain adequate guardrails.

In her reply to new matter, plaintiff admits River Avenue was part of route 52, but denies that part of the route where the accident occurred is under the exclusive jurisdiction, maintenance and control of the Department of Highways. On the contrary, plaintiff contends defendant "has by law, agreement, tradition and/or custom maintained, possessed, controlled and repaired the said guardrails in and along River Avenue for the protection of the motoring public".

The negligence averred in the complaint is that defendant breached a duty to the deceased, Felix Pileski, by failing to repair the damaged fence or to erect an adequate one. However, at the argument and in plaintiff's brief, another theory was advanced, i. e., negligence of defendant in failing to protect the deceased from a dangerous condition on its land: Restatement, Torts 2d, §368. The duty, according to plaintiff, arose: (1) as the result of defendant's predecessors many years ago (over 50, according to the brief) closing Main Street in the Borough of Franklin and diverting traffic to River Avenue, now route 52; (2) by ownership of the land between route 52 and the Little Conemaugh River; and (3) by its maintenance of a fence adjacent to the highway for 30 years or more.

Under the pleadings, we conclude that route 52 is a State highway; that defendant is the owner of the land between State highway route 52 and the Little Conemaugh River; and that it, or its predecessors, had erected and maintained a fence consisting of two strands of wire cable on this land.

Route 52 became part of the State highway system under the Sproul Act of May 31, 1911, P. L. 468, sec. 6, as amended, 36 PS §§971 and 1023. This act provided that route 52, inter alia, should be constructed, improved and maintained by the State Highway Department at the sole expense of the Commonwealth, and that it was under the exclusive jurisdiction of the department. The unquestioned effect of this act was to relieve the municipality, which had been charged with the duty of maintenance, from such duty and also liability for damages occurring as the result of neglect: Brunacci v. Plains Township, 315 Pa. 391; Slivka, Admrx. v. Ference, 353 Pa. 339; Stevens v. Reading Street Railway Co., 384 Pa. 390; Heinlein v. Allegheny County, 374 Pa. 496; Livingston v. Fayette County, 204 F. Supp. 927.

In the absence of a takeover by the Highway Department, the municipality maintaining the highway has a statutory duty to maintain it so as to afford safe passage for travelers: Winegardner v. Springfield Township, 258 Pa. 496; Clark v. Allegheny County, 260 Pa. 199; Wensel v. North Versailles Township, 136 Pa. Superior Ct. 485; Rodgers v. Shaler Township, 164 Pa. Superior Ct. 558. This duty is not restricted only to the right of way or cartway, but also when it is so dangerous by reason of its proximity to a precipice or other dangerous condition that common prudence requires extra precaution to secure the safety of travelers, the municipality must take such precautions, and failure to do so is negligence. This may require the erection of barriers or guardrails: Winegardner v. Springfield Township, supra; Clark v. Allegheny County, supra; Wensel v. North Versailles Township, supra; Rodgers v. Shaler Township, supra.

Thus, before the Commonwealth takes over a highway, there is a statutory duty upon the municipality

to maintain it in a safe condition and, when necessary, to erect guardrails. After the Commonwealth assumes the repair, maintenance and exclusive jurisdiction of the highway, the duty is transferred to it. However, the Commonwealth may not be sued if it is derelict in its duty and as a result injury occurs to a traveler: Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609; Collins v. Commonwealth, 262 Pa. 572.

Here, if the site of the accident was a dangerous one and common prudence dictated that guardrails be erected, it was the Commonwealth's duty to do so and not that of defendant, whose property merely intervened between the highway and the dangerous condition. A possessor of land adjacent to a highway has no duty to provide guardrails to protect travelers from natural conditions (here, a river) adjoining that land, and which may, if the land is traversed, present a danger to one whose automobile, for reasons not related to any negligence of the land owner, leaves the highway. A contrary rule would transfer to the owners of property adjoining ravines, rivers, precipices and other natural conditions the duty of the Commonwealth and other municipalities to maintain their highways.

Even though defendant had maintained a fence for many years (or a guardrail, as plaintiff contends, although here defendant denies it was such and avers it was erected to protect its corporate property), this would not, in the absence of legislation, require it to protect travelers on an adjacent highway from natural dangers which happen to adjoin his property. We conclude a duty does not arise as a matter of "law, agreement, tradition and/or custom", as plaintiff contends. The only duty that defendant, as an abutting property owner, owed deceased was not to make use of its property so recklessly, or wantonly and negligently, as to interfere with his rights on the highway. There is no

averment here of any negligence of defendant which interfered with or endangered the deceased in his use of the highway.

The complaint (paragraph 5) seeks to raise the duty because defendant's predecessors had "permitted" the bed and channel of the Little Conemaugh River to be moved so that it could erect its mills. In her brief, plaintiff also states that Main Street in Franklin Borough, for the convenience of defendant, was terminated at the mill gate, and traffic was then required to use route 52 along the river. Even assuming this is true, as we will (although facts supplied at argument should not be considered), the relocation of the river and the highway could only have been done by the Water Supply Commission (now Water & Power Resources Board) and the Department of Highways, or at that time, if it was prior to 1911, the municipality charged with maintenance of the highway. Even if we assume the relocation of the river and the highway, though it benefitted defendant, caused a dangerous condition, defendant cannot be held liable for injuries or damages as the result of such relocation and condition: Smith v. Pennsylvania Railroad Company, 201 Pa. 131; Slivka, Admrx. v. Ference, supra. Concededly, the rule would be otherwise if the relocation created a condition on defendant's land which endangered those lawfully using the highway: McCarthy v. Ference, 358 Pa. 485. Unlike the McCarthy case, however, where a boulder was dislodged from defendant's land and plummeted onto the highway, causing injury to plaintiff, defendant's fence did not endanger users of the highway.

We conclude there was no duty upon defendant to maintain guardrails on its property to prevent travelers from negligently leaving the highway and passing through the property to the adjoining river. In the absence of a duty, there can be no negligence in failing

to perform it nor will a duty arise without legislation so requiring, merely because the fence had been erected and was damaged or inadequate.

Plaintiff's second contention (which is not supported by averments in the complaint); i. e., that defendant was negligent in maintaining a dangerous condition on its land adjacent to a highway, is equally without merit. In support of this, plaintiff relies on section 368, Restatement, Torts 2d, which states: "A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who. . . ."

If section 368 is to apply, the dangerous condition must have been created by the possessor of land and present danger in the course of deviation from the highway as a normal incident of travel. If the fence was the dangerous condition, as plaintiff argues, it was not the cause of harm, since the automobile was not "accidentally brought into contact with such condition": Restatement, Torts 2d §368. Nor can it be convincingly argued that decedent's deviation from the highway was a normal incident of travel, as for instance where one is misled or inadvertently drives or walks into an excavation, or other dangerous condition maintained on land adjacent to a highway or sidewalk: Plymouth Township v. Graver, 125 Pa. 24; Frisch v. Texas Company, 363 Pa. 619; Beal v. Reading Company, 370 Pa. 45; Schaut v. St. Mary's Borough, 141 Pa. Superior Ct. 388; Boutelje v. Tarzian, 142 Pa. Superior Ct. 275; Rasmus v. Pennsylvania Railroad Company, 164 Pa. Superior Ct. 635.

It is not contended the Little Conemaugh River is the property of defendant, and it is, therefore, difficult to see how section 368 applies, since the river bed was not an "excavation or other artificial condition" on defendant's land. Even conceding the river was relocated with the consent, acquiescence and agreement of defendant, it is still a natural, rather than an artificial condition.

We conclude, therefore, that section 368 is not applicable for the reasons: (1) the river was not on defendant's land; (2) it was not an artificial condition; (3) the deviation of decedent was not a normal incident of travel.

We also note in passing that comment C of section 368 states: "If a highway is established in close contiguity to an excavation or other dangerous artificial condition upon the possessor's land, whether constructed by him or otherwise created, the duty to guard such dangerous condition is upon those who are charged with the duty of maintaining the highway in a reasonably safe condition for travel and not upon the possessor of land upon which the dangerous condition is situate". Thus, even if this were an artificial condition created by defendant on its land, it was the duty of the Commonwealth to provide guardrails if this section of the highway was dangerous as a result of that condition. (See illustration 7, §368).

We are satisfied, therefore, assuming the verity of the well pleaded, material and relevant averments in the complaint and reply to new matter, judgment on the pleadings must be granted for the reasons that defendant: (1) had no duty to erect guardrails at the place of accident; (2) a dangerous artificial condition was not maintained on defendant's land adjacent to highway route 52 so as to bring the facts within the purview of section 368 of Restatement, Torts 2d.

Another reason why judgment on the pleadings

must be granted is the absence of an averment of negligence on the part of defendant which could be a proximate cause of decedent's death. We are aware that as a general rule the question of proximate cause is for the jury. However, where the relevant facts are not in dispute, the issue is one of law: Leoni v. Reinhard, 327 Pa. 391; Cotter v. Bell, 417 Pa. 560. Generally, too, it seems to have been the practice to refuse a motion on the pleadings where the issue is proximate cause and to proceed to trial. This is a needless and, certainly, expensive procedure, when it is apparent under the decisional law the proof adduced to support the averments of plaintiff's pleadings would, as a matter of law, require the grant of a motion for compulsory nonsuit. However, the Supreme Court, in Cotter v. Bell, supra, page 563, affirmed the lower court grant of a motion for judgment on the pleadings in favor of additional defendant where the issue of proximate cause was raised. See also Leoni v. Reinhard, supra.

Paragraph 4 of the complaint avers decedent's automobile crossed the center line of the highway (and, while not averred, also the opposite lane of traffic), the sidewalk, passed through a hole in defendant's fence and plunged into the bed of the Little Conemaugh River. It is not averred there was any negligence of defendant which caused the automobile to deflect from the highway. Hence, this case is not similar in fact to those where there was some negligence of defendant precipitating the accident, and which was or could have been a proximate cause: Bowman v. Columbia Telephone Company, 406 Pa. 455; Hudson v. Grace, 348 Pa. 175; McCarthy v. Ference, supra; Doerr v. Rand's, 340 Pa. 183; Sakach v. Antonoplos, 298 Pa. 130; Sorenson v. Quaker City Poster Advertising Co., 284 Pa. 209; Joyce v. Black, 226 Pa. 408; Drinkwater v. Quaker City Cooperage Company, 208 Pa. 649; Palmore v. Morris, Tasker & Co., Inc., 182 Pa. 82; Drill

v. Genetti, 200 Pa. Superior Ct. 471; Henry v. Wanamaker, 45 Pa. Superior Ct. 346.

In the law of negligence, the term "proximate cause" has been defined as that cause in the natural and continuous sequence of events, unbroken by any efficient intervening cause, which produces an injury and without which the injury would not have occurred: Jaras v. Wright, 263 Pa. 486; Bruggeman v. City of York, 259 Pa. 94; Frankel v. Norris, 252 Pa. 14. However, the wrongful conduct need not be the only factor, but it must be a substantial factor in bringing about plaintiff's injury: Majors v. Brodhead Hotel, 416 Pa. 265, page 271.

In this case, the accident would not have occurred but for deceased's lack of control of his automobile. Plaintiff fails to set forth any reason, such as disrepair of the road, an obstruction, defect in the mechanical parts of the automobile, or the act of another operator, why the auto deflected so drastically from its course. Even assuming, arguendo, defendant was negligent in failing to repair its fence or to construct a guardrail, this was merely a passive background to the accident and, therefore, a remote cause. In Cotter v. Bell, supra, additional defendant, owner of land at an intersection, had allowed his hedge to grow to such proportions that it obscured the view of approaching traffic. Plaintiff, riding his bicycle, was struck by original defendant's automobile as a result of the lack of visibility. The court, in affirming the grant of a motion for judgment on the pleadings, stated at page 562: "Further, an act of negligence which merely creates a passive background or circumstance of an accident is not the proximate cause thereof, where the accident is, in fact caused by an intervening act of negligence which is a superseding cause. . . ." Thus, decedent's failure to control his automobile would be an intervening act and a superseding cause of the accident.

Defendant's failure to provide guardrails (again assuming, arguendo, this was required) was not a proximate and efficient cause of the accident. In Ault v. Pennsylvania Railroad Company, 381 Pa. 496, a death and survival action, the grant of a compulsory nonsuit was affirmed. In that case, there was no evidence to show why decedent's automobile made a 90-degree angle turn on a bridge (which was maintained by defendant and which connected two highways) and plunged through the rails to the tracks below. The court stated that regardless of the condition of the guardrail, it was not "the substantial factor of harm": page 499. The proximate cause, rather, was the failure of decedent to have his automobile under proper control.

It would be purely conjectural, even if guardrails had been constructed, that they would have prevented decedent's plunge into the river or, if they did, that death would not have resulted from injuries as a result of the collision with the guardrails: Ault v. Pennsylvania Railroad Company, supra; McCracken v. Curwensville Borough, supra, page 108. In the first instance, "There is no requirement to build guardrails so that they can withstand shock or blow of an automobile carelessly driven: Yocum v. Bloomsburg, 289 Pa. 512. . . .": Ault v. Pennsylvania Railroad Company, supra, page 499.

Most of the cases involving defective or lack of guardrails have arisen as the result of alleged negligence on the part of municipalities. In many of these, plaintiffs' injuries or damages occurred when horses became unmanageable. However, the same rules for determining proximate cause should apply since an unmanageable horse and an uncontrolled automobile offer an analogous situation. In the following cases, where the facts are somewhat similar to the case at bar, it was held as a matter of law that failure to erect guardrails, or to keep them in repair, was not the prox-

imate cause of injury to plaintiff: Herr v. City of Lebanon, 149 Pa. 222; Ohl v. Bethlehem Township (No. 1), 199 Pa. 588; Nichols v. Pittsfield Township, 209 Pa. 240; Yocum v. Bloomsburg, supra; Beal v. Reading Railroad Company, 370 Pa. 45; McCracken v. Curwensville, supra, page 108; Frisch v. Texas Company, 363 Pa. 619; Habecker v. Lancaster Township, 9 Pa. Superior Ct. 553.

Therefore, notwithstanding we have decided defendant's motion for judgment must be granted for the reasons there was no duty to construct guardrails and that a dangerous artificial condition was not created on its land, we are also satisfied the pleadings fail to set forth a negligent act or omission by defendant which was a substantial factor of harm to decedent. Therefore, there can be no recovery.

Accordingly, the motion for judgment on the pleadings will be granted.

ORDER

Now, January 27, 1967, after argument and upon consideration of the pleadings and briefs, defendant's motion for judgment on the pleadings is granted and the complaint dismissed.