Bernard J. McNULTY, Administrator of the Estate of Michael P. Turano, Deceased

v.

COMMONWEALTH OF PENNSYLVA-NIA, County of Montgomery and Township of Plymouth.

Civ. A. No. 44098.

United States District Court, E. D. Pennsylvania.

July 20, 1970.

Bernard J. McNulty, Jr., Costigan & McNulty, Philadelphia, Pa., for plaintiff.

Robert E. Slota, Haws & Burke, Ardmore, Pa., for County of Montgomery and Township of Plymouth.

OPINION AND ORDER

WOOD, District Judge.

This is a motion for summary judgment in a diversity case arising from the death of plaintiff's decedent in a one-car accident on Conshohocken Road in Plymouth Township, Montgomery County, Pennsylvania. In his complaint, plaintiff alleged that decedent Michael Turano was operating his car on Conshohocken Road on the evening of November 19, 1966, when his car "suddenly and without warning, and solely because of the negligence, carelessness, violations and defaults of each of the defendants, jointly and severally, the decedent's automobile was thrown out of control, turned over on its side, and crashed * * *." (Plaintiff's Complaint, Document 1, page 2). Further, it was alleged that one or more of the defendants was negligent in connection with the accident in that he failed to properly inspect, maintain, repair, and illuminate

the highway, and that he failed to warn the public of dangerous conditions existing on the highway. The complaint against the Commonwealth was dismissed on a prior occasion, and the instant motion is made by the remaining defendants, Montgomery County and Plymouth Township.

■ We have concluded that the defendants' motion must be granted. It is undisputed that Conshohocken Road was ordained a state highway by the Act of June 22, 1931, P.L. 594, 36 P.S. § 1738-1 and § 1738-2 which provides in relevant part that such highways are "thereafter to be maintained and constructed at the expense of the Commonwealth". Under the State Highway Law, Act of June 1, 1945, P.L. 1242, Art. IV, Section 401, 36 P.S. § 670-401 the Department of Highways is charged with the duty of constructing, maintaining, and repairing all state highways, and the Secretary is given "in the construction and maintenance of State highways, all the rights and powers conferred by existing laws on supervisors or commissioners in townships in the construction or maintenance of township roads." Section 2002 of the Administrative Code of 1929, the Act of April 9, 1929, P.L. 177, Art. XX, Section 2002, 71 P.S. § 512 specifically provides that "the Department of Highways shall have the power, and its duty shall be * * * to have exclusive authority and jurisdiction over all State highways" and "to mark, build, rebuild, relocate, fix the width of, construct, repair, and maintain [all state highways]." Under Pennsylvania law, it has been held that these statutory provisions place upon the state the sole responsibility for negligence in construction, maintenance and repair of state roads, and that "since there must be a duty and a breach of duty to produce a right of action", counties and municipalities cannot be held liable for alleged negligence in the construction, maintenance, and repair of such roads. Stevens v. Reading St. Railway Co., 384 Pa. 390, 402, 121 A.2d 128 (1956); Crawford v. Rochester Borough, 182 Pa.Super. 409,

127 A.2d 810 (1956). Where it is alleged that an accident occurred on a state road because of negligence in failing to inspect, maintain or repair such road, summary judgment in favor of political subdivisions other than the state is appropriate. Livingston v. County of Fayette, 204 F.Supp. 927 (W.D.Pa.1962).

■■ We see nothing in the circumstances of this case to distinguish it from the force of the foregoing authorities. The negligent acts attributed to all the defendants in the plaintiff's complaint are all ones for which Pennsylvania law holds the Commonwealth shall be solely liable. At argument, however; the plaintiff contended that under the circumstances of this case the police or other agents of the township or county should have observed defects in the road and either fixed them or taken steps to warn motorists. We do not think that such allegations distinguish this case from the authority previously cited. In any event, summary judgment is appropriate in favor of the defendants because, as Rule 56(e) provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The defendants have submitted affidavits by appropriate officials of the township and the county averring that Conshohocken Road is a state highway and that neither the county nor the township had any duty to inspect and maintain it, nor did they in fact maintain it. In response the plaintiff has not provided us with anything but a general denial and an assurance that facts to show "the joint and several jurisdictions of all the defendants" on Conshohocken Road will appear at trial. (See Document 13)

Neither in the complaint, nor in plaintiff's brief, nor at argument were we even apprised of any specific factual allegations as to what made the decedent's car go out of control, let alone what the county and the township might have done to create whatever it was that made the car go out of control.

### ORDER

And now, this 20th day of July, 1970, it is ordered that the motion of the defendants Montgomery County and Plymouth Township for summary judgment is granted, and that the complaint as to both is dismissed.