Kline et al., Appellants, *v.* Moyer and Albert.

Argued January 25, 1937. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles H. Weidner,* with him *Stevens & Lee,* for appellants.

*G. A. Troutman,* of *Wesley, Wagoner, Troutman & McWilliams,* with him *Paul D. Edelman,* for appellee, Albert.

OPINION BY MR. JUSTICE STERN, March 22, 1937:

On a clear day in January, 1935, defendant Albert was driving his truck on the Philadelphia pike to Reading. At about 3:15 P. M., when five or six miles from his destination, the rear axle broke. At that point the road is straight for a considerable distance; it is a concrete highway twenty feet wide, with 8 to 12 foot berms. Albert, being alone on the truck, went to Reading to seek aid, leaving the truck standing where it had stopped on the easterly side of the road, with all four wheels on the concrete. At about 5:50 P. M., it having become dusk, a car in which minor plaintiff was a guest rider came down the pike from Reading and as it started to pass the standing truck another automobile, driven by defendant Moyer and going in the direction of Reading,

swerved from the rear of the truck into the opposite lane of travel and struck plaintiffs' car in what was practically a head-on collision. There was testimony that the Moyer car had been traveling at more than 45 miles an hour, that it did not slacken its speed, and that it turned to its left at a distance variously estimated at 35 to 60 feet from the rear of the truck. The present suit was brought against both Moyer and Albert to recover for damages sustained by plaintiffs. The negligence charged against Moyer was his failing to observe the truck, his approaching it at such a rate of speed that he was unable to stop in time to avoid the collision, and his driving to the left side of the road without previously observing whether there was an on-coming car. The charge against Albert was that he permitted his truck to stand on the traveled part of the highway unguarded and insufficiently lighted. The jury rendered a verdict against both defendants. Each of them moved for a new trial, and defendant Albert also for judgment n. o. v. Moyer's rule for a new trial was discharged, but the court granted Albert's motion for judgment n. o. v., and the present appeal is by plaintiffs from that ruling.

While there is some contention on the part of Albert that the testimony as to the absence of a red light was merely negative and should not have been submitted to the jury in view of positive evidence that the tail light was lit, there was also testimony that, if there was such a light, it was obscured by the position of the tailboard; therefore it was for the jury to determine whether the requirements of the law were sufficiently met.

Assuming, then, that the verdict of the jury conclusively established the fact of Albert's negligence, the important and, indeed, the only question on the present appeal is whether such negligence was, in whole or in part, a proximate cause of the accident, or whether, on the contrary, it was legally insulated by intervening negligence on the part of Moyer, reducing Albert's negligence to the status of a remote cause, and thereby ab-

solving him from liability. The court below sustained the latter view, and held that the case was ruled by *Stone v. Philadelphia*, 302 Pa. 340, and *Hoffman v. Mc-Keesport*, 303 Pa. 548.

In the *Stone* case the City of Philadelphia had negligently allowed a hole to remain in a street. One Leven drove his automobile into the depression, lost control of the car, and violently struck plaintiff, a bystander. Leven knew of the existence of the hole, having for a long period of time frequently driven over that portion of the roadway. It was held that there could be recovery only against Leven, and not against the City, because its negligence was not the proximate cause of the accident. The court said (pp. 345-6) : "If Leven had not known of the hole and unwittingly had driven into it, there might arise a different legal liability situation, but he knew of it, and directly produced the injuries to plaintiff by his lack of care in not avoiding it. The defect in the street was passive so far as plaintiff was concerned. Without the independent act of Leven no harm would have come to him from it."

In the *Hoffman* case, the City of McKeesport was negligent in having constructed a trench in the highway and allowing the refill to remain without paving for several weeks so that it developed a deep depression. A truck ran into it and swerved against a passing car in which plaintiff was a passenger, causing him injury. The court held that the City was not liable because its negligence was only a remote and not an efficient factor. The truck driver testified that he was aware of the defect and "knew it was dangerous," that he passed over it several times each day, and, while doing so on a prior occasion, had damaged his truck.

In accord with these rulings is the decision in the recent case of *Schwartz v. Jaffe*, 324 Pa. 324. There the driver of an automobile, turning from a new highway onto an old road in process of reconstruction, encountered a depression in the roadbed. The impact caused

him to lose control of his car, which overturned, injuring plaintiff, a passenger in the automobile. Action being brought jointly against the driver and a construction company which was excavating the road, the court held that, even conceding the work of the construction company to have been negligently done, the depression in the highway was not the proximate cause of plaintiff's injury, but the effective and active cause was the negligence of the operator of the car. The court said (p. 332) : "It is well settled that where there has been negligence in the doing of an act, the result of which is the creation of a dangerous condition, no liability will attach to the one responsible for the condition if an injury results which was not caused directly by this act, but rather by the intervening negligent conduct of a third party." Here again the evidence indicated that the driver of the automobile was familiar with the road, having traveled over it on numerous occasions; he knew construction work was going on and that there was a consequent likelihood of defects in the highway.

It is argued by defendant Albert that there is no difference from a legal standpoint between a defect in the roadbed and an unlighted truck standing on the highway at night, each constituting a static factor which becomes a mere background of the accident when some superseding act of negligence on the part of a third person occurs.

In apparent contrast with these authorities plaintiffs present, as the basis of their legal contention, a series of cases which do not seem to have been considered by the court below.

In *Hughes v. Pittsburgh Transportation Co.*, 300 Pa. 55, a taxicab was brought by its driver to a stop in such a position that part of it projected across a street railway track. A trolley car, through the negligence of its motorman, collided with the cab. To recover damages for the injury thereby occasioned to a passenger in the cab, suit was brought against both the taxicab company

and the street railway company. The cab company contended that its negligence was not the proximate cause of the injury, but the court said (p. 60): ". . . where there would have been no injury whatever but for the continuing negligence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent and both defendants are jointly and severally liable for the injuries thereby occasioned."

In *Mason v. Lavine*, 302 Pa. 472, plaintiff was a guest in the automobile of one Segal, who negligently drove into defendant's truck which had been allowed to stand unlighted on the highway at night. Plaintiff executed a release to Segal, and it was ruled that this prevented a recovery against defendant, because they were joint tortfeasors, there having been "a community of fault which occasioned the injury."

In *Simrell v. Eschenbach*, 303 Pa. 156, a wife was riding in her husband's automobile, he driving; by his negligent operation of the car it collided in the dark with defendant's unlighted truck. The court allowed recovery to the wife.

Without discussing them at length, it is sufficient to note an almost continuous succession of recent cases in each of which an innocent passenger in an automobile was allowed to recover for injuries sustained as the result of a collision between the car in which plaintiff was riding and another vehicle negligently parked upon the highway, the recovery being either against the owner of the standing vehicle, or against both such owner and the negligent driver of plaintiff's car. In either event these decisions necessarily involved a conclusion that the negligence of the owner of the parked vehicle was in whole or part a proximate cause of the accident. As examples of such cases may be cited *Cormican v. Menke*, 306 Pa. 156; *Harkins v. Somerset Bus Co.*, 308 Pa. 109; *Janeway v. Lafferty Bros.*, 323 Pa. 324; *Gaber v. Weinberg*, 324 Pa. 385; *Meads v. Rutter*, 122 Pa. Superior Ct. 64.

Their facts are similar, almost to the point of identity, to those in the present case, except that here the person injured was a passenger in a third vehicle, not in that of one of the tort-feasors, and the parked vehicle was not one of those which collided,—differences which obviously afforded no basis for legal differentiation.

How are these cases to be distinguished from those relied upon by Albert? The answer lies in the circumstance that in all of them the operator of the moving car, through negligence consisting either of a lack of proper headlights on his own vehicle, or inattention to the pathway ahead of him, or operation at an excessive rate of speed, failed to see the standing truck and consequently was unable to get his car under control in time to avert the accident, whereas in the *Stone* case, the *Hoffman* case and the *Schwartz* case, the accident was not due to a negligent failure of the driver to see the obstruction before being committed to a situation which made the accident inevitable, but was caused by an independent act of negligence in the operation of his car *after* he had become aware of the presence of the defect in the highway. It is clear that when an unlighted, parked truck is seen by the operator of an approaching vehicle, the fact of its being unlighted becomes *thereafter* of legal inconsequence, because the purpose of a light as warning has been otherwise accomplished. If already at that time, by the negligence of its driver, the moving vehicle is in such a position and under such impetus that an accident cannot be avoided, the negligence of the truck owner is as much a proximate cause of the accident as is the negligence of the driver of the car; the negligence of each has contributed to the result. But if, after seeing the unlighted truck, although he would still have been able to guide his car without accident, the driver proceeds in such negligent manner that an accident results, the original negligence of the truck owner has become a non-causal factor divested of legal significance; as to it the chain of causation is

broken, and responsibility remains solely with the operator of the moving car. We would formulate the general principle as follows: Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties.*

Upon the meager testimony furnished by the present record it is impossible to declare as a matter of law upon which side of the line thus established the responsibility of defendant Albert properly falls. Did Moyer, approaching the rear of Albert's truck, see it when, with careful operation of his car, he still could have prevented the accident, but instead negligently drove on and swerved around the truck without first ascertaining whether there was on-coming traffic immediately confronting him, or had the negligence of Moyer already at that time brought his car into a position which, by reason of its speed or otherwise, made the accident unavoidable? Randolph Zerr, who was a passenger in Moyer's automobile, testified that after it had come "up

---

* The doctrine of superseding negligence is treated in the Restatement of Torts, sec. 447. A distinction is there laid down between a "normal response" and an "extraordinarily negligent" act on the part of the second tort-feasor. Accepting that criterion, it may be said that the first actor could not reasonably be expected to foresee an act of negligence committed by the second actor *after* acquiring knowledge of the danger, and that such a subsequent act of negligence would be "extraordinary" and not a "normal response."

past Rothermel's gas station or Gechter's gas station—I don't know which—and I seen a truck, and I said to Mr. Moyer, 'Look out, a truck.' 'Yes, Randal, I see it.' And I remember his turning out, but I don't remember the collision or anything. Q. Did he turn immediately when you said, 'There is a truck'? A. No." This testimony, which is the only evidence on the point, does not indicate how far from the truck the Moyer car was when Moyer was informed or became aware of its presence, nor whether there then remained time to stop or at least to slow down the speed of the car and proceed around the truck with caution. In the absence of such information it is impossible to say whether the negligence of Moyer which was the sole or partial cause of the accident was precedent or subsequent in time to his seeing the truck, and since the liability of Albert depends on that fact it was error for the court below to hold, as a conclusion of law, that Albert's negligence was not a proximate cause of the accident. Apart from this, the testimony of Zerr, who was called on behalf of defendant Moyer, was not binding upon plaintiffs, and the court could not, by assuming its verity, make it the basis of a judgment against them.

Unless the facts are undisputed, the question of proximate cause and intervening agency are for the jury: *Helmick v. South Union Township,* 323 Pa. 433; *Murray v. Pittsburgh Athletic Co.,* 324 Pa. 486, 493. Justice would seem to dictate that the parties should be given an opportunity to present the necessary clarifying evidence if obtainable, and the issue be then submitted to the jury under proper instructions. Since, if a verdict is rendered for plaintiffs against both defendants, it should be in the same amount as against both, and since the situation in general requires that their liability be weighed in the same proceeding, Moyer's rule for a new trial must be reinstated and made absolute, even though he has not appealed in these proceedings. See *Stone v. Philadelphia,* supra; *Corbin v. George,* 308 Pa. 201.

The judgments of the court below in favor of defendant Albert n. o. v. are reversed; defendant Albert's rule for a new trial, which apparently was not acted upon by the court below, is made absolute; defendant Moyer's rule for a new trial is reinstated and also made absolute.