## Ritter, Appellant, *v.* Olson.

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Roy Mercer,* with him *Weingartner & Mercer,* for appellant.

*LeRoy K. Donaldson,* with him *Charles Matthews, Jr.* and *Matthews & Matheny,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MAXEY, October 14, 1949:

This is an appeal from the refusal of the court below to take off a compulsory non-suit in an action in trespass for the recovery of damages alleged to be suffered by the plaintiff through the negligence of the defendant.

On September 4, 1946, a trucker employed by the defendant unloaded seven tons of ashes in an area where two roads intersect in Lawrence County, near the entrance to a lane. These ashes blocked the entrance

to the lane and almost entirely blocked one of the roads. About 8:00 P. M. on the date stated the plaintiff, driving south on one of these roads, and intending to visit a home situated on the lane, attempted to turn into the lane by going around the ashes to his left. The front wheels of his car reached the right fork of the road but the left rear wheels were stopped by the loose ashes which had run down upon the left fork. His car then swerved into a position across the road and became stalled . Plaintiff testified that "the back wheels started to spin thus bringing my car at right angles to the upper road, with the two front wheels on the upper road and the two back wheels on the bottom road on loose ashes [about 2½ feet in depth]. . . . the back bumper caught, [in the ashes and] lodged itself in the bottom road." Plaintiff believing that the machine "would have been dangerous to any car coming over the hill . . . to Chewton" made an effort to extricate the car by attempting to lift the bumper back. He said: ". . . I picked up the back bumper so that I could take the weight off, as I did so the car just lunged back and threw me back under it on the bank on the opposite side. . . . the bumper caught me right above the knee, and the force of the bumper pushed the ankle bone through the ankle." When the car stopped plaintiff was lying on the bank with his back on the bank.

Defendant moved for compulsory non-suit on the ground, inter alia, that the plaintiff by his own testimony was guilty of contributory negligence. The court in refusing to take off the non-suit said: "The plaintiff contends that the ashes were carelessly and negligently placed on the highway and created an obstruction which was the proximate cause of his injury. With this we cannot agree. The plaintiff having found himself in a position of hazard and danger left his car without applying his brakes when he knew the machine was stopped on a steep incline. He then placed himself in

a dangerous position in the rear of the car and proceeded to raise the rear bumper which was lodged in the road and was the only factor which held the car stationary on the incline. Once the bumper was freed the law of gravity permitted the car to roll down across the road and the plaintiff was unable to get out of the way. His conduct therefore became the proximate cause of his injuries. The rule applicable to such situations we feel has been stated by Mr. Justice STERN in Kline et al. v. Moyer and Albert, 325 Pa. 357 (364) : 'Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause.' "

The court correctly applied the law to the facts of the case and applied the principle which is well stated in Restatement, Torts, Section 474: "If the defendant wrongfully deals with a highway so as to make it dangerous for public travel, a traveler injured thereby is barred from recovery by his failure to exercise reasonable vigilance to ascertain the condition of the highway."

The judgment is affirmed.