Cotter *v.* Bell, Appellant.

Argued January 8, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Raymond M. Seidel,* with him *High, Swartz, Roberts & Seidel,* for appellants.

*Philip D. Weiss,* with him *Duffy, McTighe & McElhone,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 23, 1965:

In this personal injury action, the court below entered judgment on the pleadings in favor of the additional defendant, Doyle. The original defendants appeal.

The minor plaintiff was injured while riding his bicycle on a public street, when it was hit by an automobile, allegedly operated in a careless manner by one of the original defendants and owned by the other. In the complaint against the additional defendant,

Doyle, it is alleged that he was the owner of premises on the corner of the intersection at or near where the accidental collision occurred; that a hedge, growing along the perimeter of the property and adjacent to the street, was permitted to remain in such an unkept and careless condition that it caused a visual obstruction to traffic on the highway; and that this contributed to the happening of the accident sued upon.

In order that the additional defendant be held responsible for the accident involved, it must be established that he was guilty of negligence, which was a proximate cause of the accident and injury complained of: *Listino v. Union Paving Co.*, 386 Pa. 32, 124 A. 2d 83 (1956), and *Helm v. South Penn Oil Co.*, 382 Pa. 437, 114 A. 2d 909 (1955). Assuming arguendo, that the additional defendant was guilty of negligence, even per se, such negligence would not render him liable unless the negligence was the proximate and efficient cause of the accident: *DeLuca v. Manchester Laundry & Dry Cleaning Co., Inc.*, 380 Pa. 484, 112 A. 2d 372 (1955). Further, an act of negligence which merely creates a passive background or circumstance of an accident is not the proximate cause thereof, where the accident is, in fact, caused by an intervening act of negligence which is a superseding cause: *Kite v. Jones*, 389 Pa. 339, 132 A. 2d 683 (1957); *DeLuca v. Manchester Laundry & Dry Cleaning Co., Inc.*, supra; and, *Ashworth v. Hannum*, 347 Pa. 393, 32 A. 2d 407 (1943).

Under the facts pleaded, it is undeniably clear that the hedge in question was merely a passive background or circumstance of the accident involved. The carelessness of the automobile driver was an intervening, and hence the proximate and efficient, cause of the accident. The case of *Kite v. Jones*, supra, is almost identical factually, and is controlling.

While, ordinarily, the question of proximate cause is a question for the jury, where the relevant facts are

not in dispute, and the remoteness of the causal connection between the negligence and the injury clearly appears, the issue is one of law: *Kite v. Jones,* supra.

Some may question the legal correctness of entering judgment on the pleadings in the situation presented, and may insist that the issue could more properly be determined after the evidence was completed at trial. The very purpose of permitting motions for judgment on the pleadings is to allow a litigant to raise another party's " 'failure to state a claim upon which relief can be granted.' ": 1 Goodrich-Amram §1034(a)-2 (1959). The facts in this case clearly indicate that no claim is, or can be, set forth against the additional defendant upon which relief can be granted under the undisputed facts. Nothing would, therefore, be gained in compelling the additional defendant to go to trial where a nonsuit would inevitably result.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The majority opinion says that the hedge involved in this case was merely a "passive background," but if it was a contributing factor to the happening of the accident, would its passiveness exclude the owner from liability? Suppose the additional defendant had dug a hole in the highway in front of his property and, in attempting to avoid the excavation, the automobile driver had struck the plaintiff, could it be argued in such a situation that the excavation was merely a passive background and therefore impossible of contributing to the accident?

Immobility is not a synonym for passiveness. Even a sleeping lion is immobile but it is far from passive.

The defendant driver avers that had it not been for the hedge, the collision with the plaintiff would not have occurred and specifies the reasons. The demurrer admits the truth of the averments. An appellate court

cannot say that the hedge had nothing to do with the accident when the complaint specifically declares that it had much to do with the accident.

In addition, the hedge was maintained in violation of a zoning ordinance, which, in itself, is evidence of negligence.

The majority says that if the additional defendant were required to go to trial, "a nonsuit would inevitably result." I cannot share the majority's clairvoyance. How does it know what evidence would be presented by the defendant to show that the hedge so confused and misled him, so impeded his passage, so shut off his vision that the accident was the inevitable result of the obtruding, illegal hedge? I fear that the majority has grown a hedge of arbitrary assumptions which has shut off the view of simple cause and effect, and I, therefore, must dissent.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

The majority determines that even if the additional defendant were negligent per se, in maintaining the hedge, it was proper for the trial court to grant judgment on the pleadings for him, because "[t]he carelessness of the automobile driver" was a superseding cause. "Superseding cause" is the name given to a concept which, where applicable, relieves an actor of liability for his negligence because the law views his negligence as too remotely connected to the injury. The concept is applicable only in the following situation: "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tortfeasor, and thereafter, by an independent act of negligence, brings about an accident. . . ." *Kline v. Moyer and Albert,* 325 Pa. 357, 364, 191 Atl. 43, 46 (1937). See *Rodgers v. Yellow Cab Co.,* 395 Pa. 412, 147 A. 2d 611 (1959).

It is obvious from the rule that the second actor's conduct is a superseding cause only when said actor's conduct is negligent. Thus, it is improper to allow the original actor (here, the additional defendant) to be relieved of his liability before it has been determined that the second actor (here, the original defendant) is, in fact, negligent. If it should turn out that plaintiff cannot establish the negligence of the original defendant then the only legally responsible cause is the conduct of the additional defendant, who would not be insulated by any superseding cause. Accordingly, I cannot see how the original actor (additional defendant) can be let out at the pleading stage of the case. Indeed, if the original actor's negligence can be shown I cannot see how he can be relieved of liability or let out of the case until the second actor's conduct actually has been found, after trial,[1] to be negligent.

I would overrule judgment on the pleadings for the additional defendant.

I dissent.

---

[1] In this respect, the trial court erred in *Kite v. Jones*, 389 Pa. 339, 132 A. 2d 683 (1957), when it permitted nonsuit of the original actor before the jury determined the negligence of the second actor.