## Clevenstein v. Rizzuto, Appellant.

398

Argued January 16, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Curtis Wright*, with him *Mason, Avrigian* and *Stefan, Timoney, Knox & Avrigian*, for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1970:

An automobile, operated by John M. Rizzuto, collided with a motor bike, operated by George L. Clevenstein, at the intersection of Haws Avenue and West Lafayette Street in the City of Norristown. Clevenstein was seriously injured in the accident, and he sued Rizzuto for damages. His complaint alleged, inter alia, that Rizzuto drove his automobile into the intersection from West Lafayette Street, which is controlled by a stop sign, without maintaining "a reasonable lookout" for the presence of other vehicles coming into the inter-

section from Haws Avenue, a through street, and this negligence caused the collision.

Rizzuto filed a complaint to join Warren I. Williams as an additional defendant in the action. He alleged that an automobile owned by Williams was so "carelessly and negligently" parked on Haws Avenue "immediately north of the intersection" as to obstruct Rizzuto's view at the intersection; that as a result, Rizzuto was forced to proceed into the intersection to ascertain if any traffic were approaching; that the Williams automobile was parked in violation of the provisions of the Motor Vehicle Code of Pennsylvania; and, that the parking of the automobile in such a location was the "sole" cause of the collision between the Clevenstein and Rizzuto vehicles.

Williams filed preliminary objections to the Rizzuto complaint in the nature of a demurrer alleging that it did not state a valid cause of action. These objections were sustained in the court below, and Rizzuto filed this appeal. We reverse.

Preliminary objections to a complaint in the nature of a demurrer admit as true all well-pleaded material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not the pleader's conclusions of law: *Eden Roc Country Club v. Mullhauser*, 416 Pa. 61, 204 A. 2d 465 (1964); *Lerman v. Rudolph*, 413 Pa. 555, 198 A. 2d 532 (1964). And in determining whether or not a demurrer should be sustained, two standards must be borne in mind: (1) The question at issue is not whether the complaint is so clear in form and specification as to require no amendment before the plaintiff (here the original defendant) is entitled to proceed to trial,[1] but whether,

---

[1] We agree with the court below that the complaint involved should have been more specific, but this can be corrected by requiring that it be amended.

upon the facts averred, the law says with certainty that no recovery is permitted; and, (2) Where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it: *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A. 2d 472 (1960); *Adams v. Speckman*, 385 Pa. 308, 122 A. 2d 685 (1956); *Sun Ray Drug Co. v. Lawler*, 366 Pa. 571, 79 A. 2d 262 (1951).

To sustain the action of the court below, it would be necessary for us to rule as a matter of law on the facts pleaded: (1) That the parking of the Williams automobile, as described, was not negligence; or (2) That even if such parking were negligence, the subsequent conduct of Rizzuto amounted to a superseding cause which absolved Williams from liability.

The Vehicle Code, Act of April 29, 1959, P.L. 58, §1021(4), 75 P.S. §1021(4) (Supp. 1970), specifically prohibits the parking of vehicles within 25 feet of the curb lines at an intersection, or if no curb lines exist, then within 15 feet of the property lines at the intersection of highways. It seems clear to us that the purpose of this statute was to protect against the particular hazard alleged in this case, namely, the hazard of obstruction to visibility at intersections, or more specifically, a driver's lack of lateral visibility in approaching an intersection and the attendant danger of vehicle collisions. Likewise, it seems clear to us that Clevenstein and Rizzuto are members of the class which the statute was intended to protect. See Prosser, Torts §35 (3rd ed. 1964), and Annot., 4 ALR3rd 324 (1965) and cases cited. Hence, it cannot be ruled as a matter of law that Williams was not negligent.

The more difficult inquiry is whether or not Rizzuto's conduct constituted a "superseding cause" which relieved Williams of liability even if he were negligent. Generally, this question is for the fact-finding tribunal (*Bleman v. Gold*, 431 Pa. 348, 246 A. 2d 376 (1968)),

yet where the relevant facts are not in dispute and the remoteness of the casual connection between the first actor's negligence (here Williams) and the injury to the plaintiff (Clevenstein) is so clear it becomes one of law. *Kaplan v. Kaplan,* 404 Pa. 147, 171 A. 2d 166 (1961); *Kite v. Jones,* 389 Pa. 339, 132 A. 2d 683 (1957). However, at this point in the instant case, we are not persuaded that the remoteness of the causal connection is so clear as to permit it to be determined as a matter of law.

If Rizzuto were negligent and this negligence were a proximate cause of Clevenstein's injury, this would not automatically make his conduct a superseding cause, thus relieving Williams of liability. *Skoda v. W. Penn Power Co.,* 411 Pa. 232, 191 A. 2d 822 (1963). Rizzuto's negligence (assuming his conduct did amount to that) may not be declared to be such an intervening cause (1) if at the time of Williams' negligent conduct, Williams should have realized that a motorist, such as Rizzuto, might act as he did at the intersection; or, (2) if Rizzuto's conduct was a normal consequence of a situation created by Williams and was not done in such a manner as to amount to extraordinary negligence. See Restatement (Second), Torts §447 (1965); *Skoda v. W. Penn Power Co.,* supra; *Kline v. Moyer & Albert,* 325 Pa. 357, 191 A. 43 (1937). The issue of whether negligent conduct constitutes such a superseding cause as to absolve another negligent person from liability is difficult in the ordinary case, and the question is made more difficult herein because of the failure of the complaint to be more specific. But, we cannot conclude under the facts presently before us that "the law says with certainty that no recovery is permitted."

We indicate no conclusions as to what the decision should be when and if all of the facts are developed. We merely rule that on the present state of the record, the demurrer should not have been sustained.

One further matter needs discussion.

The lower court's action herein was based on our decision in *Cotter v. Bell,* 417 Pa. 560, 208 A. 2d 216 (1965). And this is understandable. In *Cotter,* the plaintiff was injured when his bicycle was struck by an automobile at a street intersection. An action for damages was instituted against the driver of the automobile and he, in turn, attempted to join as an additional defendant the owner of a property at the intersection who allegedly permitted a hedge on his property and adjacent to the street, to grow and remain in such a condition that it obstructed visibility of traffic at the intersection. Therein the lower court sustained a demurrer to the third party complaint and we affirmed. We ruled that the property owner's conduct, even if negligent, was merely a passive circumstance of the accident and hence, not the proximate cause thereof.

Our research indicates that *Cotter* was the first instance wherein we decided the question of superseding cause in the context presented at a preliminary stage in the pleadings. In other relevant cases, the question was resolved only after the facts were developed at trial. *E.g., Kaplan v. Kaplan,* supra; *Kite v. Jones,* supra; *DeLuca v. Manchester Laundry,* 380 Pa. 484, 112 A. 2d 372 (1955); *Kline v. Moyer & Albert,* supra.

*Cotter* might possibly be distinguished from the instant case on the ground that therein a hedge was involved, i.e., a static or rather permanent condition, as opposed to a parked but movable object; or that the object obstructing the visibility was located off the highway. We prefer to be more intellectually honest than to rely on such tenuous distinctions. Better should we say, "Wisdom should never be rejected merely because it comes late."

Order reversed, and the record is remanded for further proceedings consistent with this opinion.

Mr. Justice JONES dissents.