## Callahan v. Plotts

*John J. Regule*, for plaintiff.

*W. Allen Dill*, for defendants.

*George H. Rowley*, for additional defendant.

STRANAHAN, P. J., September 30, 1970.—This action is in trespass and has been brought by Kevin Callahan, a minor, through his parents and natural guardians, and against Ronald Plotts and Harriett Pascarella, as defendants. Defendants have now filed a complaint in an effort to join Patrick J. Callahan, the father of Kevin, as an additional defendant. A preliminary objection in the nature of a demurrer has been filed by the additional defendant.

From the pleadings, it would appear that on May 30, 1967, Kevin was 15 months of age, and was a passenger in a baby stroller being pushed by his 10-year-old sister, Regina. As the baby stroller was being pushed along Buckwalter Road, it was struck by an automobile being driven by Ronald Plotts, causing injury to Kevin. At the time this incident occurred, Patrick J. Callahan, the father, was allegedly in the front yard and witnessed the occurrence.

The complaint which seeks to join the father as additional defendant was filed more than two years after the occurrence of the accident, and therefore

the statute of limitations has run as against the father, and his liability, if any, would be limited to joint liability rather than sole liability.

For that reason, the preliminary objection to the joinder of the father on the ground of sole liability must be sustained and his liability, if any, is limited to joint liability.

In the preliminary objection, additional defendant demurred on the ground that the alleged conduct of additional defendant was not a proximate cause of the accident out of which plaintiff's cause of action arose. It is additional defendant's position that he was not negligent in that he had not violated any duty toward his 15-month-old child, who at the time of the accident was being pushed in a stroller by another child of additional defendant who was 10 years old. This we have difficulty believing, since the Restatement 2d, Torts, §316, and Pennsylvania case law might indicate otherwise. See Dattola v. Burt Bros., Inc., 288 Pa. 134; McKinney v. The Baltimore and Ohio Railroad Company, 247 Pa. 217.

Additional defendant further argues that even though he may be negligent, his negligence is not the proximate cause of plaintiff's injury and that this court should decide that as a matter of law.

It is impossible at the present stage of this case to determine as a matter of law whether the alleged conduct of the additional defendant was, or was not, a proximate cause of the accident.

As was pointed out in Clevenstein v. Rizzuto, 439 Pa. 397, at page 401, "Where a doubt exists as to whether a demurrer should be sustained this should be resolved in favor of overruling it."

In order for this court to sustain a demurrer, it would be necessary that we rule that the actions of the father in permitting his 15-month-old child to be on a public highway or in permitting a 10-year-old

daughter to wheel a child of the age of Kevin in a baby stroller along a highway were not negligence, or that even if there were negligence, sufficient to impose liability on the father, that the action of Plotts was a superseding cause which would absolve the father from liability. This we cannot do because there is a possibility that the facts would develop to the extent that the father could be held liable jointly with Plotts and, therefore, the joinder would be proper.

Clevenstein v. Rizzuto, supra, would indicate that matters of proximate cause should not be determined on a preliminary objection unless the matter is so clear that there is no possibility that the evidence would prove otherwise.

The final objection raised by additional defendant is that original defendant has no claim for contribution against additional defendant, since any liability on the part of additional defendant would be secondary, while that of original defendant is primary. We do not believe that to be so.

The distinction between primary and secondary liability is discussed in the case of Burbage v. Boiler Engineering & Supply Company, Inc., 433 Pa. 319. In discussing the distinction between primary and secondary liability, the court states, page 326:

"The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by law to an injured party. The right to indemnity enures to a person who, without active fault on his own part, has been compelled by reason of some legal obligation to pay damages occasioned by the negligence of another. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence but rather on a difference in the character or kind

of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible."

An examination of the pleadings does not reveal any situation here where defendant alleges facts that would support a finding that defendant is primarily liable and additional defendant secondarily liable under the rule set forth above. As we comprehend the pleadings, defendant has alleged that if he is liable then additional defendant is also liable, and that this liability is joint in nature.

An examination of the cases does not indicate that there is any basis for treating additional defendant as one who without act or fault on his own part has been compelled to pay a legal obligation caused by the negligence of another. While it is true that the father has a legal obligation to pay for the medical expenses of his injured child, his joinder by additional defendant under these circumstances is an effort by defendant to impose primary liability upon him, and has nothing to do with any obligation that he may have under the law to pay for the medical bills of his injured minor child.

We therefore sustain the preliminary objection dealing with the right to join on the grounds of sole liability and overrule the preliminary objection on the other grounds.

## ORDER

And now, September 30, 1970, the preliminary objections of defendant are overruled with the excep-

tion of that objection dealing with the right to join on the ground of sole liability, which objection is sustained.