Alvin H. HOFFMAN and Fay Hoffman,
Plaintiffs,

v.

A. B. CHANCE CO., Defendant and Third-
Party Plaintiff,
and
Minnesota Automotive, Inc., Defendant,

v.

BOROUGH OF MIFFLINBURG and Miff-
linburg Power and Light Company,
Third-Party Defendants.

Civ. A. No. 71-137.

United States District Court,
M. D. Pennsylvania.

Sept. 9, 1971.

---

Candor, Youngman, Gibson & Gault,
Williamsport, Pa., for plaintiffs.

Arthur Silverblatt, Wilkes-Barre, Pa.,
for defendant and third-party plaintiff,
A. B. Chance Co.

Greevy, Knittle & Mitchell, Williams-
port, Pa., for defendant Minnesota
Automotive, Inc.

H. Clay McCormick, Furst, McCor-
mick, Lynn, Reeder & Nichols, Williams-
port, Pa., for third-party defendants,
Borough of Mifflinburg and Mifflinburg
Power and Light Co.

OPINION

MUIR, District Judge.

This matter is before the Court on
the Third-Party Defendants' Motions to
Dismiss the complaints [1] joining them.

The Third-Party Defendants, Borough
of Mifflinburg ("Mifflinburg") and the
Mifflinburg Power and Light Company
("Power and Light Company") challenge

---

1. The Third-Party Defendants were joined
by both Defendant A. B. Chance Co. and
Defendant Minnesota Automotive, Inc.

The motions to dismiss raise substan-
tially identical issues.

the propriety of their joinder under Fed. R.Civ.P. 14(a) which provides in part:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*" (Emphasis supplied.)

Mifflinburg and the Power and Light Company contend that no claim is pleaded upon which Mifflinburg or the Power and Light Company could be found to be liable to either of the Defendants "for all or part of the plaintiff's claim against" either of the original Defendants.

## 1. THE MINNESOTA COMPLAINT.

Paragraph 23 of Plaintiffs' complaint alleges that "the injuries and damages hereinabove set forth were caused by the negligence of the Defendants." Paragraph 7 of the Complaint of Defendant Minnesota Automotive, Inc. ("Minnesota") is as follows:

"7. If the aforesaid Mico Brake Lock device referred to in Plaintiffs' Complaint malfunctioned causing injuries to Plaintiff, Alvin H. Hoffman, as alleged in Plaintiffs' Complaint, Defendant and Third Party Plaintiff, Minnesota Automotive, Inc. alleges that said injuries were caused or contributed to by negligence on the part of the Third Party Defendant,

Borough of Mifflinburg, also known as Mifflinburg Power and Light Company. * * * *"

Paragraph 11 of the same Third-Party Complaint alleges that in the event plaintiffs obtain a judgment against Minnesota Automotive, Inc. by reason of negligence on the part of Minnesota Automotive, Inc.:

" * * * then in that event, the said Defendant and Third-Party Plaintiff, Minnesota Automotive, Inc. will be entitled to judgment against the Third Party Defendant, Borough of Mifflinburg also known as Mifflinburg Power and Light Company, for all sums that may be adjudged against the Defendant and Third-Party Plaintiff, Minnesota Automotive, Inc., in favor of the Plaintiffs, or in the alternative, the said Defendant and Third-Party Plaintiff, Minnesota Automotive, Inc., *will be entitled to judgment against the said Third Party Defendant, Borough of Mifflinburg and/or Mifflinburg Power and Light Company, for contribution in the amount of one-half of the damages and costs awarded to said Plaintiffs*". (Emphasis supplied)

The specific acts of negligence upon which joinder of Mifflinburg is predicated are set forth in ¶ 7 of Minnesota's third-party complaint.[2] Such negligence, if proven to have been a proximate cause of plaintiffs' damages, is not logically incompatible with the existence of negligence on the part of Minnesota amount-

---

2. "(a) failed to take proper and sufficient precaution to prevent the accident;

(b) failed to follow recommendations and safe methods for performing the Plaintiff's work;

(c) failed to properly instruct its employees, particularly the Plaintiff, Alvin H. Hoffman, as to the proper operation of the Mico Brake Lock device;

(d) failed to adequately and properly warn the Plaintiff of dangerous conditions;

(e) failed to properly inspect its equipment and more particularly the 1965 Ford

Truck equipped with a model H/S-36 C Hotstick hydraulically operated mechanical aerial platform and the Mico Brake Lock device which allegedly injured the Plaintiff;

(f) failed to properly maintain and service the 1965 Ford Truck equipped with a model H/S-36 C Hotstick hydraulically operated mechanical aerial platform and the Mico Brake Lock device which allegedly injured the Plaintiff;

(g) was negligent in several other respects that may be seen at trial."

ing to a proximate cause of plaintiffs' damages and acting simultaneously with Mifflinburg's negligence in producing them. Thus, Restatement of Torts, Second, § 439 provides:

"If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability."

Comment b continues:

"If the harm is brought about by the substantially simultaneous and active operation of the effects of both the actor's negligent conduct and of an act of a third person which is wrongful towards the other who is harmed the conduct of each is a cause of the harm, and both the actor and the third person are liable."

The question whether Mifflinburg's alleged negligence was a superseding cause of plaintiffs' damages which would act to relieve Minnesota of liability is generally a question for the fact-finding tribunal, Clevenstein v. Rizzuto, 439 Pa. 397, 401–402, 266 A.2d 623 (1970), and the Pennsylvania Supreme Court has on many occasions stated that "the question of what is the proximate cause of an accident is almost always one of fact for the jury." Bleman v. Gold, 431 Pa. 348, 354, 246 A.2d 376, 380 (1968), and cases cited therein. Although there is a possibility that the evidence at trial will establish that Mifflinburg's failure to prevent harm to the plaintiffs was a superseding cause of plaintiffs' damages relieving Minnesota of all liability, in spite of its negligence, it would be improper to deny joinder of Mifflinburg upon such a speculation. A third-party complaint survives a challenge to the propriety of joinder "if, under some construction of the facts which might be adduced at trial, recovery would be possible." 3 Moore's Federal Practice ¶ 14.10, n. 20 and cases cited therein. For these reasons, Mifflinburg's Motion to Dismiss the third-party complaint of Minnesota is denied.

## 2. THE A. B. CHANCE CO. COMPLAINT.

The third-party complaint of A. B. Chance Co. alleges in ¶ 2 that Mifflinburg "made certain alterations, repairs and/or modifications to the vehicle and braking system * * * which caused the alleged malfunction." Paragraph 3 of the complaint alleges that Mifflinburg "knew or should have known of the alleged defective condition of the Mico Brake Lock Device" and "knew or should have known that the Plaintiff, ALVIN H. HOFFMAN, was in danger of great physical harm." Paragraph 4 alleges that plaintiffs' damages "were caused by the negligence of the Third-Party Defendants, Borough of Mifflinburg and Mifflinburg Power and Light Company."

The motion to dismiss the third-party complaint of Defendant A. B. Chance Co. is denied for the same reasons assigned above for the denial of the motion to dismiss as to Minnesota.