# Schwartz v. Board of School Directors

Before Honeyman and Cirillo, *JJ.*

*Morris C. Solomon,* for plaintiff.

*Ralph L. Hose,* for defendant.

HONEYMAN, *J.,* January 15, 1975—This action originated with a complaint in assumpsit filed for the minor-plaintiff, Mitchell Schwartz, by his mother and natural guardian, Charlotte Schneider, against the Board of School Directors of Cheltenham Township (hereinafter referred to as "the defendent board"). It alleges the minor-plaintiff, while a student in attendance at school, was injured on April 13, 1967. While cleaning an electrically powered wood planer in the industrial arts class at the Thomas Williams Junior High School, the machine became power-driven and commenced operating without any action by minor-plaintiff and caught his right hand in the works of the machine, causing injuries. The complaint charges the defendant board with a breach of warranty in failing to undertake and utilize reasonable safeguards to protect minor-plaintiff while in their care and custody. It was filed

on March 19, 1971, almost four years after the accident.

The defendant board on April 22, 1971, filed preliminary objections in the nature of a demurrer based upon the doctrine of governmental immunity. After argument before the court en banc, the above preliminary objections of the defendant board were sustained and the action was dismissed by an order dated February 29, 1972.

Plaintiff thereupon filed an appeal to the Commonwealth Court of Pennsylvania from this order. By stipulation of counsel for both parties filed on February 21, 1973, it was agreed that: plaintiff's appeal would be withdrawn; defendant board's motion to quash the appeal would be withdrawn; and the defendant board would withdraw their defense of governmental immunity but would not be prohibited from raising any other defenses they might have, including the statute of limitations.

On March 30, 1973, the defendant board filed its answer and new matter. In the new matter, the defendant board raised the affirmative defense of the statute of limitations, claiming that, though the action was brought in assumpsit, the claim is really one for personal injuries, and, therefore, since the complaint was filed almost four years following the date of the accident, the claim is barred by the Commonwealth's two-year statute of limitations for bringing a claim for personal injuries.

On May 11, 1973, plaintiff filed a reply, and in paragraph (21) denied that this was an action in trespass for personal injuries and stated that even if the statute were applicable, the defendant board had waived and is estopped from asserting the same. Subsequently, on May 14, 1974, the defendant board filed this motion for judgment on

the pleadings, raising the issue of the statute of limitations.

The issue to be decided is whether a plaintiff can circumvent the two-year statute of limitations on actions to recover for personal injuries by merely alleging breach of warranty on the part of defendant and suing in assumpsit. Section 2, of the Act of June 24, 1895, P. L. 236, 12 PS §34, contains the statute of limitations applicable to personal injuries and provides that:

*"Every suit hereafter brought to recover damages for injury wrongfully done to the person,* in cases where the injury does not result in death, *must be brought within two years from the time when the injury was done and not afterwards;* in cases where the injury does result in death the limitation of action shall remain as now established by law." (Emphasis supplied.)

From Rodenbaugh v. Phila. Traction Co., 190 Pa. 358, 42 Atl. 953 (1899), one of the first cases to construe the Act of 1895, it is clear that the legislature, in passing the act, was attempting to decrease the period during which actions for personal injuries could be brought, and not to increase it. The statute says "every suit." Pennsylvania courts have consistently shown a reluctance to erode the rather sweeping, general, and mandatory terms of the above statute: Jones v. Rabinowitz, 296 F. Supp. 123 (E.D. Pa., 1969).

The above-quoted section must be read in light of reason and common sense, and in its application to a given set of circumstances, it must not be made to produce something which the reasonably minded legislature could never have intended: Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788 (1959). There is good reason for the rule. Statutes of limitation are

intended to prevent suits being brought on stale claims. Since the legislature in the Act of 1895 declared two years a reasonable period in which to bring a suit to recover for personal injuries, the courts should not extend that time by allowing a party to keep alive the right to sue by electing to sue in one form of action (assumpsit) instead of another (tort): Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A.2d 379 (1946). The Act of 1895 places the limitation upon the cause of action, and not upon the form, in personal injury cases. Where, as here, plaintiff seeks solely to recover damages for personal injury, the two-year limitation applies, irrespective of the alleged theory of defendant's liability: Robinson v. Roma Bottling Co., 104 Pitts. 86 (1955).

The two-year statute applies to all those actions where personal injury is the gist of the action. If such injury is "wrongfully done," the action is barred under the two-year statute, notwithstanding that there is a breach of a contractual relation between the parties which would be governed by a longer statute of limitations: Berg v. Remington Arms Co., 207 F. Supp. 65 (E.D. Pa. 1962). This is so, to repeat, because the two-year statute of limitations, applicable in personal injury cases, places the limitation upon the cause of action, and not upon the form: Jones v. Boggs & Buhl, Inc., supra.

Although no Pennsylvania case dealing with the precise factual situation of the instant case has been found, Sykes v. Southeastern Pennsylvania Transportation Authority, 225 Pa. Superior Ct. 69, 310 A.2d 277 (1973), appears to be analogous to and controlling in relation to the instant case. In Sykes, plaintiffs filed an action in November 1972, against defendant for injuries sustained in July 1967, when

plaintiff, Minnie Sykes, was thrown suddenly and violently while riding as a passenger in defendant's bus. Plaintiffs alleged that this incident resulted from a breach of defendant's express and implied warranty to safely transport her. Defendant filed preliminary objections, claiming that the complaint was designed to circumvent the two-year statute of limitations which had expired. The trial court sustained defendant's objections and dismissed the complaint with prejudice. The Superior Court affirmed, noting (1) that the law does not impose on carriers the implied duty to warrant safe carriage regardless of the negligence of third persons or other events, and (2) that plaintiffs in their complaint failed to aver any facts to show an express agreement to warrant safe carriage: Sykes, at pages 71-2.

Similarly in the instant case, plaintiffs' complaint fails to disclose any averment of specific facts to show an express warranty concerning safety of minor plaintiff and other pupils in the care and custody of the defendant board. Nor does the law impose on school boards the implied duty to warrant the complete safety of pupils in their custody, regardless of the negligence of third persons or other events.

The court in Sykes notes, at page 72, that "whether brought in assumpsit or trespass, a suit for breach of nonnegligent carriage is brought for injuries wrongfully done to the person and falls within the bar of the two-year statute of limitations for personal injuries." And the court goes on to state, in footnote 1 at pages 72-3, that the exception to the two-year statute of limitations for personal injuries exists where a person is injured through breach of contract on a sale of goods but notes that this exception is not applicable in Sykes.

This exception, which is found in section 2-725 of the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-725, eff. July 1, 1954 (reenacted October 2, 1959, P. L. 1023, sec. 2, eff. January 1, 1960), provides a four-year statute of limitations. This is the only possible exception that might apply in the instant case, but, a reading of its precise provisions clearly reveals that it most assuredly does not. Section 2-725 provides that:

"(1) An action for breach of any *contract for sale* must be commenced within four years after the cause of action has accrued. . . ." (Emphasis supplied.)

Section 2-106 defines the term "contract for sale" as including: "both a present sale of goods and a contract to sell goods at a future time." Section 2-105 defines the term "goods" as: "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action."

There is no possible way the minor-plaintiff could contend that a contract for the sale of goods existed in the instant case. And since, logically, the four-year statute of limitations under the code is not applicable unless it can be shown that the injury resulted from a breach of warranty in connection with a *sale of goods,* the two-year statute of limitations as set forth in the Act of 1895 must govern.

The Sykes case stands for the proposition and as a warning that merely characterizing a claim for personal injuries as one in assumpsit will not overcome the obstacle of the two-year statute of limitations unless the action is one arising from a breach

of warranty in connection with the sale of goods: D. Farage, and E. McDaid, Annual Survey of Pennsylvania Legal Developments—Tort Law, 45 Pa. B.A.Q. 247, 291 (March, 1974).

Plaintiff herein alleges in paragraph (21) of his reply to the defendant board's answer and new matter that, even if the two-year statute were applicable, the defendant board has waived and is estopped from asserting it.

If, through fraud or concealment, defendant causes plaintiff to relax his vigilance or deviate from his right of inquiry, defendant is estopped from invoking the bar of limitation of action: Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963). The burden of proving the existence of such fraud or concealment is upon the asserting party by evidence that is clear, precise and convincing: Bonfitto v. Bonfitto, 391 Pa. 187, 137 A.2d 277 (1958). A party against whom the statute has been set up should allege distinctly and specifically such facts as are essential to bring the case within a saving provision of, or an exception to, the statute: Kampe v. Kampe, 30 D. & C. 655 (1937). Whether an estoppel results from established facts is a question for the determination of the court: Nesbitt v. Erie Coach Co., 416 Pa. 89, 204 A.2d 473 (1964).

Other than the naked averment of waiver, the record is devoid of anything to support such allegation. On February 21, 1973, plaintiff and his counsel entered into a stipulation in writing and filed of record that contained an express reservation of the right of defendant to plead the statute of limitations. The very next action taken by anyone

in the case was the filing of defendant's answer and new matter asserting the limitation of action as a defense. Thus, there is nothing to support the allegation of waiver by plaintiff. Similarly, plaintiff pleads no facts to support his conclusion of law that defendant is estopped from asserting the defense of limitation of action, nor does the record reveal anything to support such assertion.

In disposing of a motion for judgment on the pleadings, the court is confined to the pleadings and documents properly attached thereto, and cannot consider collateral evidence: Nederostek v. Endicott-Johnson Shoe Co., 415 Pa. 136, 202 A.2d 72 (1964). The purpose of such a motion is to determine whether on the pleadings it is useless to proceed to trial. It is only where the averred facts show as a matter of law that plaintiff is not entitled to recover, that the court may enter a judgment on the pleadings for defendant: Cotter v. Bell, 417 Pa. 560, 208 A.2d 216 (1965). Such is the instant case.

## ORDER

And now, January 15, 1975, after argument before the court en banc, and consideration of counsels' briefs and the record, the defendant Board of School Directors of Cheltenham Township's motion for judgment on the pleadings in favor of defendant and against the minor-plaintiff, Mitchell Schwartz, is granted.