Joseph F. Boyle, Plaintiff *v.* Helen B. O'Bannon, Secretary, Department of Public Welfare, Commonwealth of Pennsylvania, Defendant.

Submitted on briefs June 13, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Joseph F. Boyle,* plaintiff, for himself.

*Walter F. Froh,* Deputy Attorney General, with him *Herbert L. Olvieri,* chief, Tort Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for defendant.

PER CURIAM OPINION, August 16, 1983:

This action was commenced in our original jurisdiction by the filing of a complaint. By a per curiam order, the complaint was dismissed as frivolous. That order was appealed to our Supreme Court which Court reversed and remanded. *Boyle v. O'Bannon,*      Pa.     , 458 A.2d 183 (1983).

The defendant has now filed preliminary objections, amended preliminary objections and second amended preliminary objections, all of which demur to the complaint. The plaintiff has filed preliminary objections to all of defendant's preliminary objections. By order of this Court, the plaintiff's and defendant's preliminary objections are before us for disposition on briefs.

There is no merit to plaintiff's preliminary objection in the nature of a motion to strike the demurrer because it lacks specificity. The demurrer now before us states that the complaint fails to state a claim upon which relief can be granted because the allegations therein are "obviously frivolous beyond credulity, incapable of proof and patently without merit." We are of the opinion that the demurrer is sufficiently specific to advise the plaintiff and this Court of the reason for it.

Plaintiff's recitation of the law with respect to defendant's demurrer is correct: we may not sustain it unless the law says with certainty that no recovery can be permitted upon the facts pleaded. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970). More-

over, and of pertinence here, all well pleaded material facts in the complaint and all inferences reasonably deducible therefrom are admitted by a demurrer. *Id.* Although we are acutely aware of plaintiff's past history in the courts as recited in Justice Nix's dissent in *Boyle v. O'Bannon,*      Pa. at     , 458 A.2d at 186 (Nix, J., dissenting) and although we are sympathetic to the defendant's argument that this is just another incidence of frivolous litigation on plaintiff's part, we must apply the principles of law we have recited to the complaint before us with objectivity.

After a careful review of the complaint, we are well satisfied that defendant's demurrer must be sustained with respect to the following paragraphs because the allegations set forth therein are beyond belief and do not state a cause of action for that reason:

> Paragraphs 8, 9, 12, 14, 15, 17, 18, 19, 22, 23, 24, 25, 26, and that portion of paragraph 13 following the word "Defendant."

Because we do not believe that the defects in those portions of the complaint set forth above can be cured by amendment, we will dismiss the complaint as to those averments only, with prejudice.

### Per Curiam Order

The plaintiff's preliminary objection to defendant's preliminary objection is overruled.

The defendant's preliminary objection in the nature of a demurrer is sustained as to that part of the complaint set forth in paragraphs 8, 9, 12, 14, 15, 17, 18, 19, 22, 23, 24, 25, 26 and that portion of paragraph 13 following the word "Defendant." In all other respects, the demurrer is overruled.

The defendant shall have twenty days to file a responsive pleading.