**Burns v. Drier**

*Andrew Barbin,* for plaintiffs.
*Joseph S. D. Christof, II,* for defendants.

LUNSFORD, *J.,* June 11, 2010—Plaintiffs Ronald Burns and Cynthia Burns filed an action against defendants Marc S. Drier and Drier and Dieter Law Offices in

legal malpractice, breach of contract and breach of fiduciary obligation. Defendants filed preliminary objections to plaintiffs' complaint which are presently before this court. For the following reasons, defendants' preliminary objections are overruled in part and sustained in part.

## BACKGROUND

This matter arises from a suit filed in 2006 at Centre County docket number 2006-0111 by plaintiffs against Westfield Insurance Company relating to restoration services following a house fire in plaintiffs' home on July 3, 2004.

On August 6, 2009, plaintiffs filed a writ of summons in the above-captioned matter. On September 11, 2009, defendants filed a praecipe for rule to file complaint. On October 1, 2009, plaintiffs filed a complaint averring, in essence, that the breach of contract and bad faith claims in the underlying action were meritorious but "were not pursued effectively and the settlement amounted to little more than a capitulation forced by defendant Drier's complete failure to prosecute the claim or prepare it for the then impending trial." Plaintiffs' brief in opposition to preliminary objections, 3/12/2010, at 2. On February 2, 2010, defendants filed preliminary objections to plaintiffs' complaint which are now before this court. Both parties submitted briefs regarding the preliminary objections.

## DISCUSSION

Preliminary objections should be sustained in cases which are clear and free from doubt. *Rivello v. New Jer-*

*sey Automobile Full Insurance Underwriting Association,* 432 Pa. Super. 336, 638 A.2d 253 (1994). In deciding preliminary objections, the court must consider the evidence in a light most favorable to the non-moving party. *Id.*

A complaint must set forth the material facts upon which a claim is based in concise and summary form. Pa.R.C.P. 1019(a). Pa.R.C.P. 1019(f) states that "[a]verments of time, place and items of special damage shall be specifically stated." In determining sufficiency of the pleadings in a complaint, the court will consider "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006).

In considering preliminary objections to a complaint in the nature of demurrer, all well-pleaded material facts set forth in the complaint are admitted as true as well as all inferences reasonably deducible therefrom, but not the pleader's conclusions of law. *Clevenstein v. Rizzuto,* 439 Pa. 397, 400-401, 266 A.2d 623, 624-25 (1970). In determining whether or not a demurrer should be sustained, two standards must be borne in mind: (1) upon the facts averred, does the law say with certainty that no recovery is permitted; and, (2) "where a doubt exists as to whether a demurrer should be sustained, [it] should be resolved in favor of overruling it." *Id.* (citations omitted) "[A] complaint which, when read as a whole, states enough ultimate facts to support liability, even if only in

the most general terms, survives demurrer." *Village at Camelback v. Carr,* 371 Pa. Super. 452, 465, 538 A.2d 528, 534 (1988). (citation omitted)

### I. *Lack of Specificity Regarding "Case Within a Case" Requirement in Legal Malpractice Claim Under Pa.R.C.P. 1028 (a)(3) and 1019 (a)*

Defendants argue that plaintiffs must prove they had a viable cause of action against the defendant (Westfield Insurance Company) in the underlying case and that defendant Drier was negligent in prosecuting or defending the underlying case (commonly referred to as proving a "case within a case"). Defendants argue plaintiffs must ultimately prove that the underlying action against the contractor and insurance company was a viable case and that plaintiffs would have recovered but for some act or omission of defendants. See *Kituskie v. Corbman,* 552 Pa. 275, 714 A.2d 1027 (1998).

A legal malpractice claim requires that a plaintiff establish: (1) the employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and, (3) that the attorney's negligence was the proximate cause of damage to plaintiff. *Id.* at 281, 714 A.2d at 1029 citing *Rizzo v. Haines,* 520 Pa. 484, 499, 555 A.2d 58, 65 (1989). The Pennsylvania Supreme Court in *Kituskie* further provided: "In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to

as proving a 'case within a case')." *Id.* at 281, 714 A.2d at 1030.

Upon review of the pleadings, this court determines defendants have pled the essential three elements in a legal malpractice claim and the factual averments are sufficient to allow defendants to prepare an answer. Therefore, defendants' preliminary objection is overruled.

## II. *Lack of Specificity Regarding Averments of Time, Place and Items of Special Damages Under Pa.R.C.P. 1028 (a)(3) and 1019 (a)*

Defendants argue that plaintiffs' complaint fails to specifically plead facts related to the legal representation provided by defendants, particularly averments of time and special damages. Defendants further argue that without a more specific complaint, they cannot determine when the causes of action, if any, arose or otherwise properly prepare defenses which may be available.

Plaintiffs' requests for "such other relief as the court may deem just" amounts to a claim for special damages. See *Hooker v. State Farm Fire and Casualty Company,* 880 A.2d 70, 77 (Pa. Commw. 2005). According to the court in *Hooker,* "[s]pecial damages are those that are not the usual and ordinary consequences of the wrong done but which depend on special circumstances." *Id.* The Pennsylvania Rules of Civil Procedure require that items of special damages be specifically pled. Pa.R.C.P. 1019(f). The court in *Hooker* provided, "special damages may not be proved unless special facts giving rise to them are averred." *Id.* at 77 citing *Laing v. Colder,* 8

Pa. 479 (1848). Because of plaintiff's failure to provide defendants with specific facts upon which special damages should be granted, defendants are unable to ascertain why plaintiffs are seeking special damages. Additionally, there is a lack of specificity regarding averments of time. Therefore, because the request for special damages is inadequately plead and averments of time lack specificity, defendants' preliminary objection is sustained.

III. *Failure To State a Cause of Action Upon Which Relief Can Be Granted Regarding Count II (Breach of Contract) and III (Breach of Fiduciary Obligation), Under Pa.R.C.P. 1028 (a)(4), Demurrer*

a.) Breach of Contract

Defendants argue that plaintiffs failed to allege that defendants violated a specific instruction or provision of the engagement agreement. Plaintiffs respond that *Gorski v. Smith,* 812 A.2d 683 (Pa. Super. 2002) remains controlling precedent. In *Gorski,* the Superior Court found it was not necessary for a plaintiff to allege a breach of specific instruction. Therefore, this court determines averments that the attorney violated specific instructions are not necessary in a breach of contract action for legal malpractice and defendants' preliminary objection is overruled.

b.) Breach of Fiduciary Obligation

Defendants argue that Count III of plaintiffs' complaint sounding in breach of fiduciary obligation is nothing more than an attempt to recast the general negligence

averments and because it is tangential to the professional malpractice claim sounding in negligence it does not give rise to an independent cause of action. Plaintiffs argue the breach of fiduciary obligation claim is essentially a *Maritrans* claim. See *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 602 A.2d 1277 (1992). Plaintiffs further argue "[t]he breach of fiduciary duty is a specific tortious breach when an ethical obligation arising from contractual relations prevents self-dealing, and the offending party breaches that duty." Plaintiffs' brief in opposition to preliminary objections, 3/12/2010, at 12. This court determines plaintiffs have pled sufficient facts to survive demurrer and; therefore, defendants' preliminary objection is overruled.

### IV. *Claims for Punitive Damages Under Pa.R.C.P. 1028 (a)(4), Demurrer*

Defendants contend that plaintiffs failed to provide any averments of willful, wanton, or malicious conduct necessary for a successful claim for punitive damages. Plaintiffs respond that they are not seeking punitive damages on the negligence and contract counts but only as to the breach of fiduciary obligation count. Plaintiffs allege the defendant Drier "violated ethics rules and used his financial leverage over the Burns and false assurances to coerce consent to settlement after his incompetence had made settlement necessary." Plaintiffs' brief in opposition to preliminary objections, 3/12/2010, at 13.

Punitive damages are not recoverable for mere negligence or even gross negligence; they are reserved for conduct that is outrageous due to evil motive or reckless

indifference for the rights of others. See *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702 (1991) (adopting Restatement (Second) of Torts §908). Punitive damages are reserved for cases where defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. *Id* at 493, 587 A.2d at 704. An allegation of evil motive or reckless indifference must be supported by specific fact averments. See Pa.R.C.P. 1019; *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 533 A.2d 436 (1987). Upon review of the complaint, this court determines plaintiffs have not pled sufficient facts or specific details regarding defendant Drier's conduct to support a claim for punitive damages; therefore, defendants' preliminary objection is sustained.

## ORDER OF COURT

And now, June 11, 2010, upon consideration of the preliminary objections filed by defendants Marc S. Drier and Drier and Dieter Law Offices and the briefs regarding the same, the preliminary objections are hereby overruled in part and sustained in part. Plaintiffs shall have 30 days to file an amended complaint in accordance with the above opinion.