## Clark, Appellant, *v.* Morrison.

Argued November 29, 1961.   Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Arlen Specter,* for appellant.

*Thomas E. Comber, Jr.,* with him *John J. Runzer,* and *Pepper, Hamilton & Scheetz,* for appellees.

*Ralph P. Higgins,* for John Morrison, appellee.

OPINION BY MR. JUSTICE COHEN, January 17, 1962:
Plaintiff, Clark, while driving his automobile south through an intersection, was hit by defendant, Morrison, who was traveling in a westward direction. Parked near the corner on the north side of the east-west street was a large truck under the control of defendant, Booth Bottling Company (Booth), which allegedly blocked each driver's vision of the other car. Neither driver's view of the traffic signals was blocked.

After all the testimony was concluded, plaintiff was nonsuited in his action against Booth and suffered an adverse jury verdict in his suit against Morrison. We are asked to rule on appeals from both judgments.

In the suit against Booth, the lower court granted a nonsuit on the theory that assuming, arguendo, Booth

was negligent per se (for violating an ordinance by parking too close to an intersection), still such negligence was not the proximate cause of the accident.

Viewing the evidence in the light most favorable to plaintiff, as we must, plaintiff had the green light as he entered the intersection. We have said that where, in addition to having the right of way, a motorist's view of the intersecting street is blocked by a physical object, he may proceed with caution on the assumption that a motorist approaching from the blind street will observe the traffic laws. *Hogg v. Muir,* 383 Pa. 413, 119 A. 2d 53, 59 A.L.R. 2d 1197 (1956).

Assuming, again as we must, that plaintiff proceeded with due care through the intersection on the green light, then defendant Morrison violated the traffic signals by going through the red light, and the latter's act of negligence would be the sole cause of the accident. The fact that the Booth truck was blocking Morrison's view of Clark's car does not mitigate or detract from the effect of Morrison's running the red light. The truck's presence, therefore, was at most, merely a circumstance of the accident and not its proximate cause, and the lower court did not err in entering a nonsuit against Clark.

Clark's appeal from the lower court's refusal to grant a new trial is based on the fact that, after the case was submitted to the jury, the jury asked for, and received, a calendar for the year of the accident.

Pictures introduced in evidence by plaintiff showed street signs indicating parking regulations, which signs plaintiff now says were not erected, and which regulations were not in effect, at the time of the accident. Plaintiff claims that the jury's purpose in obtaining the calendar was to compare the date of the accident with the dates and regulations printed on the street signs in the picture, and that the calendar constituted new, erroneous and prejudicial evidence.

The lower court ruled against plaintiff on the grounds both that plaintiff could have explained away the irrelevant portions of the picture when he introduced it in evidence, and that, furthermore, any juror, by working backwards, could have constructed his own calendar. We are in complete accord with the lower court on this issue. Those same inferences which plaintiff conjectures the jury actually drew from information provided by the calendar could have been drawn from what evidence the jury originally had at its disposal.

Judgments affirmed.