Slawson *v.* C. A. B. Y. Transportation Company, Appellant.

490

Argued April 26, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused June 16, 1967.

*John G. Gent,* with him *James D. McDonald, Jr.,* and *Curtze, Gent & McCullough,* for appellant.

*Bernard F. Quinn,* with him *Quinn, Leemhuis, Plate & Buseck,* for appellee.

*Thomas E. Doyle,* for appellees.

OPINION PER CURIAM, May 24, 1967:

There is no reason for a lengthy opinion in this case. The facts are not complicated, nor is the applicable law in any area of controversy. John Slawson was driving his car in a proper manner at night when an unknown car, moving on its wrong side of the road, cut sharply in front of him, compelling Slawson to swerve to his right, where he collided with an unlighted trailer, assertedly illegally parked. Slawson was injured, as was also his passenger Diane V. Dranzek.

The jury returned verdicts in favor of the plaintiffs. The owner of the trailer urges judgment n.o.v. or a new trial. The opinion of the lower court covers all points raised by the appellant and is incorporated, by reference, into the opinion of this Court. The record fully supports the findings of the jury and the conclusions of the trial court that the negligent parking of the tractor was the proximate cause of the accident, that Slawson was not guilty of contributory negligence as a matter of law, that the trial judge's charge was adequate and appropriately explanatory of the fact situation and the relevant law, and that the weight of the evidence fully supported the verdicts.

Judgments affirmed.

Mr. Justice ROBERTS and Mr. Justice O'BRIEN concur in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.

-----

DISSENTING OPINION BY MR. JUSTICE JONES:

My examination of the instant record indicates that, even though it be assumed that the C. A. B. Y. Transportation Company was negligent in its failure to have its trailer lighted while parked, such negligence was not the proximate cause of the accident. See: *Clark v. Morrison*, 406 Pa. 130, 177 A. 2d 96 (1962); *Kline v.*

492

*Moyer and Albert,* 325 Pa. 357, 191 A. 43 (1937). Furthermore, it is clear from the evidence that an intervening cause relieved defendant from liability even if it were guilty of negligence. In the absence of any evidence to prove that the proximate cause of this accident was the negligence of the C. A. B. Y. Transportation Company, I would enter judgment n.o.v.

Mr. Chief Justice BELL and Mr. Justice EAGEN join in this dissenting opinion.