**Bell v. Cohen**

*Richter, Syken, Ross & Grant,* for plaintiff.

*LaBrum & Doak,* and *Swartz, Campbell & Henry,* for defendants.

SPORKIN, J., November 30, 1973.—This action arose from a collision on September 10, 1964, between an automobile driven by defendant, Sidney Cohen (Cohen-defendant) and an automobile driven by plaintiff, Gail Bell (Mrs. Bell).[1] Plaintiffs alleged that the accident was the result of the negligent operation of a motor vehicle by Cohen-defendant and the negligence of Johanna Farms, Inc. (Johanna-defendant) in causing one of its trucks to block a stop sign from the view of Mrs. Bell. After a jury trial on the merits, on November 11-22, 1971, a verdict was returned against both defendants, in the sum of $15,110.69 in favor of Mr. Bell and $50,000 in favor of Mrs. Bell. Defendants filed motions for judgment n.o.v. and for a new trial. Following the denial of these motions by

---

[1] The other plaintiff, Charles Bell (Mr. Bell) is the husband of Gail Bell.

the court en banc, defendants filed the instant appeal, and this opinion is, therefore, filed in compliance with Superior Court Rule 46.

As required by our courts, on post-trial motions, the facts and all reasonable inferences therefrom are taken in a light most favorable to the verdict winners: Linsenmeyer v. Straits, 402 Pa. 7, 9, 166 A. 2d 18 (1960).

The facts disclosed from the record may be summarized as follows: Mrs. Bell was driving south on Morris Street when she stopped at the intersection of Morris Street and Queen Lane.[2] Mrs. Bell looked to her right (west) but was unable to observe oncoming Queen Lane traffic because her view was obstructed by a Johanna milk truck which was then parked on Morris Street at the northwest corner of the intersection, with its front end protruding past the north curb of Queen Lane.

Mrs. Bell stated that she, therefore, haltingly edged out into the intersection from behind the milk truck; as soon as she was able to see clearly past the Johanna truck, she observed Cohen-defendant's car approximately 150-175 feet away and bearing down on her at about 40 miles per hour. Mrs. Bell stopped her car and blew the horn but Cohen-defendant never slowed his progress, and the Cohen vehicle struck her car on the passenger side about three seconds thereafter.[3]

---

[2] Morris Street is a two-way north and southbound street controlled by a stop sign. Queen Lane is a one-way eastbound thoroughfare; there is no stop sign on Queen Lane at its intersection with Morris Street.

[3] Mrs. Bell's testimony was corroborated by the testimony of Mildred Smith, a disinterested witness to the incident. The positioning of the Johanna truck was further corroborated by Mr. Bell's testimony as to his observations upon arriving at the accident shortly after it occurred.

Cohen-defendant argues in his post-trial motions that the testimony of Officer Charles Patton, a police officer summoned to the scene, as to the physical damage to Mrs. Bell's car flatly contradicted her testimony as to how the incident occurred. Cohen-defendant contends that the damage along the full side of Mrs. Bell's car presents "incontrovertible physical facts" which negate Mrs. Bell's allegations, for, Cohen-defendant argues, if the accident occurred in the manner described by Mrs. Bell only the front portion of her car would have been damaged.

With this argument, however, we cannot agree. The nature of the damage to Mrs. Bell's car was simply another fact for consideration by the jury, to be weighed against the testimony of Mrs. Bell and the witness, Mildred Smith. It is apparent to us that the nature of the damage to Mrs. Bell's vehicle did not *by itself* foreclose credibility of plaintiff's case.[4]

Our Pennsylvania courts have long held that only in *absolutely* unquestionable situations can the "incontrovertible physical facts" doctrine be applied. In Keck v. Philadelphia Rapid Transit Company, 314 Pa. 389, 171 Atl. 478 (1934), plaintiff alleged that he had stopped his car with the front wheels over the western rail of southbound trolley tracks, and that defendant's trolley collided with plaintiff's car after plaintiff attempted to swerve right to avoid the trolley. The damage to the trolley, however, was concentrated solely on the *side*, thus strongly tending to negate the

---

[4] Furthermore, even *if* the jury concluded, from Officer Posusney's testimony, that the accident was *not* a right-angle collision as alleged by Mrs. Bell, it could still properly have found that she did not act in a *negligent* fashion, or that, if she did act negligently, the jury could have properly surmised that the negligence of Mrs. Bell did not contribute in a proximate way to the happening of the accident.

possibility that the trolley could have been the striking vehicle. The court, nevertheless, held that the "incontrovertible physical facts" doctrine could *not* be applied to discredit plaintiff's case as a matter of law, stating that the doctrine could be applied only if the "incontrovertible physical facts" operated to stamp plaintiff's story of the accident as "totally incredible." Id. at 394.

The court then elaborated on the doctrine's applicability in the following manner:

"The rule as to incontrovertible physical facts discrediting the testimony of one side in an action of trespass is applicable only in clear cases. In Ross v. Riffle, 310 Pa. 176, 164 A. 913, this court said in an opinion by Mr. Justice Drew: '. . . Unless the evidence stands definitely opposed to incontrovertible physical facts, the case must be submitted to the jury, *no matter how strong the countervailing proof may be:* Bailey v. Lavine, 302 Pa. 273 [153 A. 422]'": 314 Pa. at 394 (Italics supplied.) See also Heimbach v. Peltz, 384 Pa. 308, 311-315, 121 A. 2d 114 (1956). 314 Pa. at 394.

Thus, we conclude that in the present case the doctrine of "incontrovertible physical facts" cannot properly be invoked by Cohen-defendant and his motion for judgment n.o.v. will be denied.[5]

---

[5] We have also examined Pollock v. Philadelphia Rapid Transit Company, 139 Pa. Superior Ct. 256, 11 A. 2d 665 (1939), cited by Cohen-defendant for the proposition that the "incontrovertible physical facts" doctrine should be invoked herein, but we find Pollock to be without application to the present controversy. There, the court upheld the trial judge's decision to apply the doctrine, but in so doing the court noted "even the most favorable inference from the testimony" could not support plaintiff's version of the accident: 139 Pa. Superior Ct. at 258. Here, however, as indicated supra in note 4, a most favorable inference could very properly have been drawn by the jury from the testimony of Officer Posusney to support the verdict in favor of Mrs. Bell. Thus, the instant case is distinguished from the situation in which the Pollock court applied the "incontrovertible physical facts" doctrine.

Addressing ourselves next to Cohen-defendant's motion for a new trial, we do not find merit in his complaint that the trial judge in his charge became an advocate for Mrs. Bell. Cohen-defendant argues that the trial judge commented only on testimony of plaintiffs' witnesses, but the record reveals that Cohen-defendant's allegations are unfounded in fact. The trial judge concluded his remarks on the law with a repetition of his charge on contributory negligence, and, in so doing, he discussed the testimony of one of the *defense* witnesses, Ronald Riley, who had stated that he observed Mrs. Bell proceeding into the intersection without stopping for the stop sign.

The trial judge, in discussing the concept of contributory negligence in his instructions to the jury, carefully detailed the duties of a motorist at an intersection controlled by a stop sign.[6] Moreover, it is pertinent to note that a trial judge need not comment on all of the testimony and evidence; he commits no error in referring to only some of the evidence while omitting discussion of other testimony:[7] Finnerty v. Darby, 391 Pa. 300, 322, 138 A. 2d 117 (1958). Upon reviewing the entire charge, it is clear to us that it was fair and just to all parties.

Nor can we agree with Cohen-defendant's assertion that he was prejudiced because the jury was not informed that the case in which Cohen-defendant sued Mrs. Bell was not concluded. Counsel for Johanna-defendant introduced evidence of the existence of such proceedings when it used Cohen-defendant's deposition in that action to impeach Cohen-defendant's testimony in the case at bar. No hint was given to the

---

[6] Furthermore, the trial judge strongly cautioned the jury that *its* recollection of the facts, and not that of the trial judge, was to be controlling.

[7] Thus, in the instant case the trial judge even omitted discussion of the testimony of *plaintiffs'* eyewitness, Mildred Smith, referred to previously.

jury that Cohen-defendant had either won or lost his case against Mrs. Bell. Cohen-defendant fails to say, and we are unable to discern, *how* Cohen-defendant was prejudiced by the mere injection of information that another suit had arisen from the collision.

Furthermore, we find completely untenable the additional argument advanced by Cohen-defendant in his motion for a new trial, that Officer Joseph Posusney's testimony as to his issuance of a parking ticket to Johanna-defendant's driver for blocking the stop sign with his truck was prejudicial to Cohen-defendant so as to justify granting him a new trial.[8] It is to be observed that Cohen-defendant *himself* testified that the truck of Johanna-defendant blocked the stop sign, and, therefore, cannot now complain that Officer Posusney's testimony on this point is prejudicial to him. Nor did counsel for Cohen-defendant object to Officer Posusney's testimony when offered, for Cohen-defendant chose to chance the harm done to his own case by such statements in favor of the benefits to be derived from the tendency of the testimony to focus responsibility for the accident on Johanna-defendant.

---

[8] Officer Posusney had arrived at the scene shortly after the accident occurred. Pursuant to a line of questioning initiated by counsel for Cohen-defendant, concerning Officer Posusney's observations of the aftermath of the accident, he blurted in nonresponsive fashion that he had issued the parking citation on the Johanna truck. The testimony was stricken by the court. Johanna-defendant, seeking to remove any impression harmful to it which may have been left with the jury by the stricken testimony, later reopened the line of questioning *originally pursued by Cohen-defendant,* and attempted to establish that issuance of the ticket did not result from, or represent a finding by Officer Posusney that the manner in which the Johanna truck was parked caused the subject collision. (The ramifications of Officer Posusney's testimony with respect to *Johanna-defendant* will be discussed in detail hereinafter, during our consideration of Johanna-defendant's post-trial motions).

New trials are not granted by our courts on the basis of alleged error where counsel had an opportunity to object at trial but failed to do so (McDonald v. Ferrebee, 366 Pa. 543, 79 A. 2d 232 (1951)), and such assertions of error will be considered only under a *general* exception if the error was basic and fundamental: DeMichiei v. Holfelder, 410 Pa. 483, 189 A. 2d 882 (1963). Since the testimony of Officer Posusney was not damaging to Cohen-defendant, and in fact was, in our view, rather *helpful* to his case; this offered testimony, even if error, was by no means the fundamental error which will necessitate the granting of a new trial to Cohen-defendant when he failed to object to the testimony at trial, and cannot be considered under his general exception.

We turn now to the post-trial motions of Johanna-defendant. It urges in its motion for judgment n.o.v. (1) that the parking of its truck was not the proximate cause of the subject collision, but rather, the negligence of Cohen-defendant *superseded* Johanna-defendant's negligence and was consequently the sole cause of the accident. Johanna-defendant further contends (2) that in order to adequately complete the large number of deliveries on its schedule, it must at times violate city parking regulations and cannot always economically take the necessary time to find a legal parking space; *therefore,* argues Johanna-defendant, it cannot be held *liable* as having been *negligent* herein on a theory that its truck was parked so as to obstruct the motorists' view of the intersection.

We do not believe that the first contention of Johanna-defendant, arguing that Cohen-defendant's negligence was the superseding cause of the collision, finds support in the Pennsylvania case precedents. In a case markedly similar to the instant action, Clevenstein v. Rizzuto, 439 Pa. 397, 266 A. 2d 623 (1970), defendant Rizzuto's automobile collided with

Clevenstein's motor bike as they entered an intersection at right angles to each other. Rizzuto joined Williams as an additional defendant, alleging that Williams had parked his car at the corner of the intersection so as to obstruct the view of Clevenstein and Rizzuto as approaching motorists. Williams filed preliminary objections, which were sustained.

The Supreme Court in Clevenstein, however, reversed the lower court, holding that the evidence on the issue of whether Rizzuto's negligence was a superseding cause of the accident was not so clear as to allow a determination as a matter of law. Mr. Justice Eagen, speaking for the court, proceeded further to discuss the *test* for deciding whether negligence of the motorist in the "striking" vehicle superseded that of the driver of the "obstructing" parked vehicle as the cause of the accident, saying:

"Rizzuto's negligence (assuming his conduct did amount to that) may not be declared to be such an intervening cause (1) if at the time of Williams' negligent conduct, Williams should have realized that a motorist, such as Rizzuto, might act as he did at the intersection; or, (2) if Rizzuto's conduct was a normal consequence of a situation created by Williams and was not done in such a manner as to amount to extraordinary negligence. See Restatement (Second), Torts §447 (1965)": 439 Pa. at 402.

The trial judge in the instant case followed the lines of the Clevenstein test in his instructions to the jury. Applying the Clevenstein test in this case, the evidence and the inferences which the jury could properly draw therefrom were, we find, sufficient for the jury to conclude that: (1) at the time of Johanna-defendant's negligent conduct it should have known that a motorist such as Cohen-defendant could have been obstructed in his view of oncoming traffic and might

act as he did at the intersection; *and* (2) that Cohen-defendant's conduct was a normal consequence and did *not* amount to extraordinary negligence; and we are thus impelled to conclude that Cohen-defendant's negligence, though a contributing cause of the accident, was *not* such as to supersede the negligence of Johanna-defendant as a concurrent cause of the collision. See also Slawson v. C. A. B. Y. Transportation Company, 425 Pa. 489, 229 A. 2d 888 (1967).[9]

Nor can we find logic in the other argument of Johanna-defendant, in its motion for judgment n.o.v., that it was not subject to the parking regulations of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1021, because business necessities forced it to park in a fashion obstructing the stop sign,[10] and *therefore*

---

[9] Clark v. Morrison, 406 Pa. 130, 177 A. 2d 96 (1962), cited by Johanna-defendant is distinguishable from the case at bar. In Clark the additional defendant parked its truck at a right-angle intersection so as to obscure plaintiff's view of oncoming traffic. Plaintiff entered the intersection with the traffic light in his favor. Defendant, however, *his* view of the traffic light *unobstructed*, went through the *red* light and struck plaintiff's vehicle.

Here, Cohen-defendant knew that the *only* traffic control at the intersection was a stop sign on Morris Street, where Mrs. Bell was traveling. He testified that he looked to his left as he approached Morris Street, traveling on Queen Street, but all he saw was Johanna-defendant's truck. He never saw Mrs. Bell's car, which he contends was obscured by Johanna-defendant's truck, until the collision.

Thus, here, as opposed to the situation in Clark, the driver of the striking vehicle ignored *no* traffic controls in entering the intersection; in fact, there was no traffic light or stop sign governing the street on which he was driving. Cohen-defendant's negligence here consisted simply of failing to keep a proper lookout, and did not amount to the *extraordinary* negligence of the driver of the striking vehicle in Clark, discussed supra.

[10] Officer Posusney testified that he issued a parking ticket to Johanna-defendant for an alleged violation of section 1021-5

could not be made liable for a collision between two motorists occasioned, in part, by resulting obstruction of their view of the intersection. Even assuming that Johanna-defendant was not governed in this case by parking regulations of The Vehicle Code, we are unable to agree that the *conclusion,* urged by Johanna-defendant as to the question of negligence, necessarily follows.

Johanna-defendant, as any commercial defendant, cannot claim immunity from *civil* suits simply because its negligent behavior was prompted by economic considerations such as meeting its deliveries on time. The question of negligence is answered by the nature of the *act,* and Johanna-defendant certainly cannot successfully argue that parking a truck in a manner so as to obstruct the view of motorists entering an intersection is the course of conduct that would be followed by a reasonable man. It is hornbook law that a jury need not find that a defendant violated a statute in order to find that the conduct of the defendant was *negligent* under common law.

Thus, despite the trial judge's instruction that it is

---

of The Vehicle Code, 75 PS §1021-5, which section prohibits "parking" a vehicle upon a highway so as to obstruct a stop sign located at the side of the roadway. Johanna-defendant argues that it was exempted from the purview of this section because its vehicle was involved in making deliveries of Johanna products when it was standing at the corner of Queen Lane and Morris Street. Section 102 of The Vehicle Code, 75 PS §102, defines "parking" as "The standing of a vehicle, except . . . temporarily for the purpose of and while actually engaged in.loading or unloading." Thus, our courts have held that if a jury finds that the vehicle *was* standing, *temporarily, for the purpose of and while actually engaged in loading or unloading,* the driver would not be subject to the coverage of section 1021-5, cited supra: Bricker v. Gardner, 355 Pa. 35, 36, 48 A. 2d 209 (1946).

not a violation of The Vehicle Code if a vehicle is standing, temporarily, for the purpose of loading or unloading goods or merchandise, the jury found either that (1) the vehicle was not so standing for that purpose, or (2) while it was so standing and did not violate the *statute*, it was nevertheless parked in a *negligent* fashion. Either finding here was amply grounded in the evidence, and the motion of Johanna-defendant for judgment *notwithstanding the verdict* will, therefore, be denied. Cf. Brickner, supra.

Johanna-defendant also seeks a new trial, asserting that the court's refusal to grant a mistrial, after Officer Posusney testified that he issued a parking ticket to Johanna-defendant's driver was error. As heretofore discussed, when Officer Posusney first stated that he issued a summons to the Johanna truck for obstructing the stop sign, the court sustained a motion by counsel for Johanna-defendant to have the testimony stricken and instructed the jury to disregard that testimony. Furthermore, the court in its charge admonished the jury to disregard such statements by Officer Posusney.

A new trial based on a court's refusal to sustain a motion for a mistrial or for withdrawal of a juror is only to be granted if the error complained of is fundamentally prejudicial to the complaining litigant: Weitershausen Agency v. Morgan, 395 Pa. 531, 151 A. 2d 94 (1959). Our review of the record convinces us that even without the testimony concerning the issuance of a summons, there was more than sufficient evidence to find that the Johanna-defendant driver negligently parked its truck in a manner obstructing the motorists' view of the intersection and its traffic control, and that this negligence was a proximate cause of the collision. Thus, we hold that Officer Posusney's offered testimony on this subject was not so prejudicial as to warrant the granting of a new trial

on this ground advanced by Johanna-defendant. Cf. Wood v. Garrett, 353 Pa. 631, 46 A. 2d 321 (1946).[11]

Finally, we cannot concur with the assertion of Johanna-defendant that a new trial should be granted because it was prejudiced by alleged opinion testimony of Officer Posusney that its truck *caused the accident* by blocking the stop sign. Johanna-defendant's argument assumes the threshhold finding that Officer Posusney volunteered a conclusion as an *expert* on the cause of the collision.

In fact, as noted earlier, counsel for Johanna-defendant attempted to clarify Posusney's offered testimony, stricken by the court, that he issued a parking ticket to the Johanna truck. Counsel for Johanna-defendant, in its cross-examination of Officer Posusney, inquired as to how he thought the accident could have occurred, and Officer Posusney merely stated that it was apparent to him that the position of the truck, obstructing a stop sign "had something to do with the accident" *if* Mrs. Bell advanced into the intersection without slowing down because the stop sign was obscured from her view, but he thought the truck had *nothing* to do with the accident *if* Mrs. Bell stopped three times

---

[11] Additionally, it is pertinent to note that in Lees v. Yeager, 68 D. & C. 109 (1949), plaintiffs brought suit for damages allegedly arising from a right-angle collision between plaintiffs' automobile and defendants' vehicle at an intersection. Plaintiffs called a police witness who testified that he issued a summons to defendants. Plaintiffs then sought to elicit testimony from the officer to the effect that defendants had pleaded guilty to going through a red light. The court sustained objections to such questions, and ordered them stricken.

On defendants' post-trial motions, the reviewing court held that the testimony concerning the summons was *properly* admitted *and* that the stricken questions regarding the ensuing guilty plea on the summons were *not* so prejudicial as to necessitate a new trial: 68 D. & C. at 112.

and was in front of the truck when the collision occurred. He carefully qualified his answers by *emphasizing that he did not see the accident, and thus could not know for certain how the accident actually did happen.* Moreover, the line of questioning was being pursued by counsel for *Johanna-defendant* which was bound by Officer Posusney's answers.

We have analyzed Andrews v. Jackson, 211 Pa. Superior Ct. 166, 235 A. 2d 452 (1967), cited by Johanna-defendant as support for its position herein, but we find Andrews to be inapposite. There, a police officer who had arrived on the scene 10 to 15 minutes after the accident, testifying from his accident report, definitively stated that the accident happened when the striking vehicle was unable to stop because its brakes failed. He explained that he ascertained these facts by examining the brakes *after* the accident.

The present case, however, is quite distinguishable from that in Andrews. Here, Officer Posusney did not force on the jury his version of how the accident happened. He merely responded in a common sense fashion to hypothetical questioning, initiated by counsel for Johanna-defendant, concerning the probable role played by its truck in the causation scheme *if* the accident happened in one stated way, as opposed to another hypothetical sequence of events.

Without the line of questioning followed by counsel for Johanna-defendant, the jury would have simply been left with information that Officer Posusney issued a ticket to the Johanna-defendant driver because his truck blocked a stop sign. Johanna-defendant could not, in our view, elicit testimony which it considers prejudicial to its case and then take advantage of its own error to be granted a new trial, and the motion of Johanna-defendant for a new trial will, therefore, be denied.

Accordingly, in light of the foregoing discussion, we denied the motions of defendants, Sidney Cohen and Johanna Farms, Inc., for judgment n.o.v. and we denied both defendants' motions for a new trial.